IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| v. : | |
| : | NO. 19-518-1 |
| NEIL K. ANAND : | |

**M E M O R A N D U M**

GENE E.K. PRATTER, J.                                                                                                            MAY 20, 2020

Neil Anand, awaiting trial on two counts of criminal charges, one for alleged healthcare fraud in violation of 18 U.S.C. § 1347 and one for allegedly conspiring to distribute controlled substances in violation of 21 U.S.C. § 846, claims he wishes to answer the New York governor's call for medical professionals to help that state respond to the ravages of COVID-19. The defendant, whose pretrial release thus far has been conditioned on geographic restrictions which do not include New York,[1] asks the Court to permit him to travel to New York to practice medicine in light of conditions there caused by the outbreak of COVID-19. The Court declines to do so.

### BACKGROUND

Approximately eight months ago the grand jury indicted Neil Anand and three alleged co-conspirators for healthcare fraud and conspiracy to distribute controlled substances. The charges stem from the defendant's alleged involvement over a four-year period in a conspiracy to distribute oxycodone to the defendant's ostensible patients without there being a legitimate medical purpose and having prescribed medically unnecessary medications which were then the basis for

---

[1] The defendant has been released on bail so long as, in addition to other conditions, he remains in the Eastern District of Pennsylvania and at his parents' home in the District of New Jersey where he is to reside while awaiting trial.

fraudulently billing third-party payors. Following his September 25, 2019 arrest, Defendant was granted pre-trial release upon a number of conditions, including the geographic restrictions described above. The defendant has held licenses to practice medicine in Pennsylvania and New Jersey, but he is not in good standing in either jurisdiction because his licenses have been suspended. At best, his prior New York state license is in "inactive" status. His field of practice had been as a board-certified anesthesiologist injection specialist. He reportedly previously rendered professional services in response to the 2001 World Trade Center crisis.

On March 7, 2020, the governor of New York issued an executive order that invited healthcare professionals from other states to come to New York to practice medicine without a New York license *if* they have a medical license in good standing in any state. Defendant states that in seeking to go to New York his intention has been to affiliate with NYC Health and Hospitals under the supervision of a member of the medical staff there. As far as the Court has been made aware, the inquiry of Pretrial Services for confirmation that NYC Health and Hospitals knows of the grand jury's indictment and Defendant's suspended license status has gone answered. Likewise, the Court has received no further information concerning the current status of the New York governor's executive order and invitation to out-of-state medical personnel.

The charges against this defendant carry with them a maximum of 30 years' imprisonment. As Defendant was previously made aware, the Government informed the Court by letter dated October 29, 2019 that after having become aware of the Government's investigation Defendant had completed an application, dated September 13, 2019, to become a citizen of Dominica, an island country in the West Indies. These background matters are not addressed at all in Defendant's motion.

2

## DISCUSSION

The Court need not determine whether Defendant's motivation for his motion are altruistic or opportunistic. That is because the Court's obligation is to follow certain legal principles, most pointedly 18 U.S.C. § 3142.

Subparagraph (g) of § 3142 sets forth the familiar factors for the Court to consider in order to determine whether "there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." The able and experienced magistrate judge having already considered each of the factors on September 30, 2019, the question now becomes whether the analysis of any of those factors has so materially changed that it would mitigate the concerns for the community's safety and the realistic risk of flight presented by Defendant's specific circumstances. In other words, is there any reason to modify the conditions now in place.

Defense counsel invokes § 3142 (c)(1)(B) and (c)(3) to remind the Court of the judicial discretion to amend conditions of release as would reasonably assure a defendant's presence while also remaining attentive to the community's well-being. For the very reasons described in this Memorandum regarding the factual background for this case and as to the defendant, the Court declines to further allow this defendant greater pretrial freedoms. The reasons are the severity of the potential punishment if Defendant is convicted, the effort by the defendant to become a citizen of a West Indies island, his lack of any "good standing" medical license, and the relatively indulgent conditions of pre-trial release for him at this time. This ruling respects and is dictated by the realities of the defendant's case, notwithstanding the undeniable challenges and risks of COVID-19. Of course, those challenges have been and are not only in New York but in this District and elsewhere, where appropriately licensed health care providers are laboring mightily.

The Court, as countless others are as well, is grateful to these individuals who will continue to perform these essential services without defendant Anand's potential participation.

## CONCLUSION

For the reasons outlined above, the motion seeking modification of the conditions of pretrial release is denied, and an appropriate order will be entered to that effect.

BY THE COURT:

  /s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE