**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **NEIL K. ANAND** *et al.* | : | **No. 19-518** |

## MEMORANDUM

PRATTER, J.                                                        OCTOBER ___, 2022

Neil K. Anand was indicted by a grand jury on charges of health care fraud and conspiracy to distribute controlled substances. He now seeks to dismiss the indictment against him for failure to adequately allege an offense and, in the alternative, seeks a bill of particulars from the Government providing information regarding the charges against him. The indictment charging Mr. Anand is sufficient and adequately alleges a charge of health care fraud and conspiracy to distribute controlled substances. Mr. Anand has not demonstrated a significant need for the information he seeks via a bill of particulars. Mr. Anand is able to prepare his defense, will not be surprised at trial, and is sufficiently informed of the charges against him such that he would be able to plead double jeopardy in a future prosecution on these charges. Therefore, the Court denies Mr. Anand's motion to dismiss the indictment and his motion for a bill of particulars.

### BACKGROUND

On September 10, 2019, a federal grand jury in the Eastern District of Pennsylvania returned a two-count indictment charging Mr. Anand and his three co-conspirators—Asif Kundi, Atif Mahmood Malik, and Viktoriya Makarova—with one count of health care fraud, in violation of 18 U.S.C. § 1347, and one count of conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846. The indictment charges Mr. Anand and his co-conspirators with prescribing medically unnecessary medication in order to fraudulently bill insurers, along with conspiring to

1

distribute oxycodone to Mr. Anand's patients without a legitimate medical purpose and outside the usual course of professional practice. The charged fraudulent activity and conspiracy took place over a nearly three-and-a-half year period.

Mr. Anand filed a motion to dismiss the indictment for failure to state an offense. As to Count I—health care fraud—Mr. Anand argues that the "critical flaw" in the indictment is that it fails to plead a specific execution of health care fraud. As to Count II—conspiracy to distribute controlled substances—Mr. Anand argues that the indictment insufficiently pleads conspiracy because it pleads only that Mr. Anand pre-signed blank prescription pads, not that he entered into an agreement to distribute controlled substances. He also argues that the indictment does not satisfy the pleading standard because it fails to allege any overt actions in furtherance of the conspiracy. The Government argues that the indictment adequately alleges an offense for health care fraud because it is not required to plead a specific execution of fraud. The Government argues that the indictment alleges an offense for conspiracy to distribute controlled substances because it pleads that Mr. Anand and his co-conspirators agreed to distribute controlled substances. Further, the Government contends that the pleading standard is satisfied in the absence of alleged overt acts because the Government is not required to plead any overt acts in furtherance of the conspiracy.

Mr. Anand also filed a motion for a bill of particulars seeking the following information from the Government in the event the indictment is not dismissed:[1]

1. The specific executions of health care fraud alleged, including the date, medication, claim number, and patient of each specific execution alleged;
2. Each claim and insurer or Government program the Government intends to raise or introduce at trial;

---

[1]      Mr. Anand first filed a motion for a bill of particulars in October 2019, to which the Government responded in its omnibus response. Mr. Anand filed a subsequent motion for a bill of particulars in April 2020, before filing his motion to withdraw his October 2019 motion to replace it with his April 2020 motion. The Government filed its response in opposition to Mr. Anand's motion for a bill of particulars, incorporating its previously filed response.

3. Each controlled substance distribution the Government intends to introduce at trial;
4. Each participant in the alleged conspiracy to distribute controlled substances; and
5. The date of participation of each member of the drug conspiracy.

Mr. Anand argues that because the Government failed to allege specific executions of health care fraud, he is prejudiced in his ability to prepare his defense. He contends that he does not know which of the 16,000 patient visits and claims the Government intends to address at trial as executions of fraud, nor does he know which prescriptions the Government intends to offer in support of the drug conspiracy charge against him. The Government argues that the indictment and the discovery provided to date enable Mr. Anand to adequately prepare his defense and sufficiently put Mr. Anand on notice to be protected from a second prosecution for the same offense.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 7(c)(1) provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." An indictment is sufficient if it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012) (internal quotation omitted). "[N]o greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit a defendant to prepare his defense and invoke double jeopardy." *Id.* (internal citation marks omitted). In other words, the indictment must allege "the offense in the words of the statute itself," and "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence." *Hamling v. United States*, 418 U.S. 87, 117 (1974). An indictment fails to state an offense if the

facts alleged "fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation." *United States v. Vitillo*, 490 F.3d 314, 321 (3d Cir. 2007).

DISCUSSION

Mr. Anand's motion to dismiss the indictment and motion for a bill of particulars must be denied. First, the indictment charging Mr. Anand is sufficient because it adequately alleges a charge of health care fraud and conspiracy to distribute controlled substances. It identifies the statutes that Mr. Anand is charged with violating, it lays out the elements of these statutes, and it identifies the time-period during which the alleged statutory violations took place. Second, the Government is not required to plead additional facts because the pleadings in the indictment already satisfy the applicable pleading standard. Finally, the Government has provided Mr. Anand voluminous discovery containing the necessary information that Mr. Anand requested in his bill of particulars. Mr. Anand has not demonstrated that he is substantially prejudiced in his ability to prepare his defense, nor will he be surprised at trial, therefore a bill of particulars is not warranted.

## I. The Indictment Charging Mr. Anand Is Sufficient and Adequately Alleges the Offenses of Health Care Fraud and Conspiracy To Distribute Controlled Substances

Mr. Anand attempts to persuade the court to dismiss the indictment for failure to adequately allege an offense. For the reasons set forth below, however, the Court will deny Mr. Anand's motion.

The Third Circuit Court of Appeals has held that an indictment "more than adequately" alleges an offense when it informs the defendant of the statute he is charged with violating, it identifies the elements of the statutory violation, and specifies the time-period during which the charged violations occurred. *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005); *see also United States v. Advantage Medical Transp., Inc.*, 751 F. App'x 258, 262–63 (3d Cir. 2018) (holding that indictment charging health care fraud adequately alleged an offense because it stated

4

that the defendants "made materially false statements by fraudulently altering [documents] in order to deceive Medicare into issuing reimbursements" and "[i]n so doing . . . adequately informed Appellants of the statute that was alleged to be violated, listed the elements of a violation under [the statute], and specified the time period during which the violations transpired").

The indictment charging Mr. Anand is sufficient and adequately alleges an offense. The Government correctly notes that the indictment identifies the statutes Mr. Anand is charged with violating and lays out the elements of each count. After providing background on Mr. Anand and his co-conspirators, and Medicare and other insurance programs, the indictment alleges with "sufficient factual orientation" the fraudulent scheme perpetrated by Mr. Anand and his co-conspirators. *See Huet*, 665 F.3d at 59. First, as to Count I, the indictment alleges that Mr. Anand and his co-conspirators provided patients with "Goody Bags," which are bags containing prescription medications including analgesics, sedatives, muscle relaxants, and anti-inflammatory drugs. These medications were dispensed based on what the patient's insurance covered, not what the patient medically needed. Dosing and usage directions were not provided with the Goody Bags. Mr. Anand and his co-conspirators did not collect co-payments for the medications in the Goody Bags, but they required patients to falsely sign that they had paid a co-payment. Further, Mr. Anand and his co-conspirators allegedly conditioned prescriptions for pain medications, including Schedule II controlled substances, on acceptance of the Goody Bags, which were both medically unnecessary and not eligible for reimbursement. From November 2015 through July 2019, Mr. Anand and his co-conspirators allegedly submitted, or caused to be submitted, fraudulent claims to health care benefit programs for medically unnecessary prescription medications and were paid over $4 million in reimbursements. The indictment alleges that by engaging in this fraudulent scheme, Mr. Anand and his co-conspirators violated 18 U.S.C. § 1347.

In Count II, the indictment charges Mr. Anand and his co-conspirators with engaging in a conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846. The indictment first provides background on the Controlled Substances Act and its requirements. It then alleges that from November 2015 through July 2019, Mr. Anand and his co-conspirators prescribed Schedule II controlled substances, including oxycodone, outside the usual course of professional practice and without a legitimate medical purpose. Specifically, the indictment alleges that Mr. Anand left pre-signed blank prescription pads at his practice for his co-conspirators Asif Kundi and Mahmood Malik to use to prescribe controlled substances. Mr. Kundi and Mr. Malik, who are not licensed to practice medicine in the United States and are not registered with the DEA, used the blank pre-signed prescriptions pads to prescribe controlled substances to patients. Finally, the indictment alleges that Mr. Anand and his co-conspirators conspired to knowingly and intentionally distribute controlled substances without a legitimate medical purpose and outside the usual course of professional practice in violation of 21 U.S.C. § 846.

The Court finds that the indictment charging Mr. Anand adequately alleges the offenses of health care fraud and conspiracy to distribute controlled substances. While Mr. Anand argues that the allegations in the indictment are insufficient, the Court finds that the indictment is sufficiently plead and will not require the Government to plead more. For these reasons, the Court will deny Mr. Anand's motion to dismiss the indictment.

### A. The Indictment Adequately Alleges an Offense of Health Care Fraud Under Section 1347

As to Count I of the indictment, Mr. Anand argues that the "critical flaw" in the indictment is that it fails to plead a specific execution of health care fraud. He argues that the indictment "fails to provide a single specific instance in which a specific patient received a particular medication that was billed to an insurance entity that lacked medical necessity and it fails to identify a specific

claim and the date of payment for such a false claim." The Government argues that the indictment alleges, with sufficient specificity, that Mr. Anand and his co-conspirators executed a scheme to defraud Medicare and other insurance providers by providing patients with Goody Bags filled with medically unnecessary prescription medications and fraudulently billing the patients' insurance for the medications. The Government also argues that the indictment tracks the statutory language of 18 U.S.C. § 1347 and enumerates, in detail, the facts demonstrating the statutory violation.

Whether an indictment requires the pleading of a specific execution of fraud is an open question in the Third Circuit. *See United States v. Schwartz*, 899 F.2d 243, 248 (3d Cir. 1990) (indicating that a specific execution of fraud may be necessary); *United States v. Clark*, 208 F. App'x 137, 141 (3d Cir. 2006) (citing *Schwartz* for the proposition that "the offense is the *execution* of the scheme, not the scheme itself"); *United States v. Behmanshah*, 49 F. App'x 372, 375 (3d Cir. 2002) (declining to reach the question whether the indictment alleged an execution of the fraudulent scheme, or just the scheme, because the indictment tracked the language of the statute and contained 38 paragraphs detailing the scheme). Courts in other circuits have held that execution of a fraudulent scheme is an essential element of an indictment for fraud. *See United States v. Hickman*, 331 F.3d 439, 446 (5th Cir. 2003) (finding that 18 U.S.C. § 1347 punishes "each execution of the scheme") (quoting *United States v. Lemons*, 941 F.2d 309, 318 (5th Cir. 1991)); *United States v. Colton*, 231 F.3d 890, 908–09 (4th Cir. 2000) (observing that "Section 1344 authorizes prosecution for each *execution* of a scheme to defraud") (emphasis in original); *United States v. Adkinson*, 135 F.3d 1363, 1375 (11th Cir. 1998) (providing that 18 U.S.C. § 1344 required allegations of an execution of the scheme).[2] Mr. Anand relies on these cases to argue that

---

[2]     While these cases largely focus on 18 U.S.C. § 1344 (bank fraud), courts often look to the well-developed case law analyzing § 1344 to inform their analysis of 18 U.S.C. § 1347 (health care fraud) because the statutes are nearly identical. *See e.g., Clark*, 208 F. App'x at 141; *Hickman*, 331 F.3d at 445

this Court should similarly require an indictment for health care fraud to allege execution of the scheme.

Here, as in *Behmanshah*, the Court does not need to reach the question whether an execution of fraud is required. In *Behmanshah*, the Court declined to decide whether the indictment alleged a scheme or an execution because the portion of the indictment charging health care fraud "track[ed] the statutory language of § 1347, and contain[ed] 38 paragraphs detailing the specific practice comprising the health care fraud scheme, including multiple types of fraudulent billing practices." 49 F. App'x at 375. Here, the indictment similarly sets forth the specific practice of a fraudulent scheme. Mr. Anand and his co-conspirators allegedly provided patients with Goody Bags full of medically unnecessary prescription medications based on what the patient's insurance would cover, not what the patients medically needed. They then billed the patients' insurance for these medications. Mr. Anand and his co-conspirators did not collect co-payments from the patients for the Goody Bags, but they required them to falsely sign that they had paid. Mr. Anand and his co-conspirators allegedly conditioned the receipt of pain medication, including Schedule II controlled substances, on acceptance of the Goody Bags. Mr. Anand and his co-conspirators submitted, or caused to be submitted, fraudulent claims to health care benefit programs for medically unnecessary prescription medications, and as a result, were paid over $4 million.

The indictment provides that this fraudulent scheme was executed on at least one occasion. *See United States v. Hammen*, 977 F.2d 379, 383 (7th Cir. 1992) ("The indictment in this case sets forth the existence of a scheme and alleges the scheme was executed on at least one occasion. The allegations tending to demonstrate the existence of the scheme do appear to be allegations that, if worded and structured differently, might constitute additional executions. This is hardly surprising;

---

("Although there is a paucity of case law interpreting [18 U.S.C. § 1347], its language and structure are almost identical to the bank fraud statute, 18 U.S.C. § 1344.").

the actions that tend to prove the existence of the scheme will often be the actions actually taken to execute the scheme."); *see also United States v. King*, 200 F.3d 1207, 1213 (9th Cir. 1999) (concluding that an indictment may properly allege only one execution of an ongoing scheme). Mr. Anand recognizes this and points to allegations that false claims were submitted to a health insurance entity and that he and his co-conspirators were paid $4 million as a result of the submission of those claims as examples tending to show that the indictment alleges execution of the scheme.

Considered together, the allegations tracking the language of 18 U.S.C. § 1347, the allegations detailing the fraudulent scheme, and the allegations indicating execution of the scheme are sufficient for this Court to find that the indictment adequately alleges an offense of health care fraud. *See Hamling*, 418 U.S. at 117; *Huet*, 665 F.3d at 595; *Schwartz*, 899 F.2d 243, 248; *Behmanshah*, 49 F. App'x at 375. For all of these reasons, the Court will deny Mr. Anand's motion to dismiss the indictment as to Count I.

### B. The Indictment Adequately Alleges An Offense Of Conspiracy To Distribute Controlled Substances Under Section 846

As to Count II, Mr. Anand argues that the indictment fails to adequately allege a charge for conspiracy because the indictment includes only one factual allegation regarding the conspiracy, and it does not plead an overt act in furtherance of the conspiracy. The Government argues that Mr. Anand mischaracterizes the factual basis for the conspiracy charge because it pleads that Mr. Anand and his co-conspirators agreed to distribute Schedule II controlled substances. The Government also contends that Mr. Anand's argument is not supported by law because, by asserting that an overt act in furtherance of the conspiracy must be pled in the indictment, he asks the Court to apply a heightened pleading standard.

To adequately allege conspiracy to distribute controlled substances, the Government is only required to prove that Mr. Anand agreed with his co-conspirators to distribute Schedule II controlled substances without a legitimate medical need and outside the usual course of professional practice. The Government is not required to prove the commission of a single overt act done in furtherance of the conspiracy. *United States v. Shabani*, 513 U.S. 10, 15 (1994). As demonstrated above, the indictment pleads that Mr. Anand and his co-conspirators agreed to knowingly or intentionally distribute controlled substances, and it identifies specific facts relevant to the conspiracy. Therefore, the indictment charging Mr. Anand adequately alleges a charge of conspiracy to distribute controlled substances. *See id.* For these reasons, the Court will deny Mr. Anand's motion to dismiss the indictment as to Count II.

## II. Mr. Anand Has Not Demonstrated That He Is Entitled to a Bill of Particulars

Mr. Anand also filed a companion motion for a bill of particulars, which similarly challenges the sufficiency of the pleadings in the indictment.

When an indictment is insufficient, the defendant may request a bill of particulars, which is a "formal, detailed statement of the claims or charges brought by a plaintiff or a prosecutor." *Urban*, 404 F.3d at 771 (citing Black's Law Dictionary 177 (8th ed. 2004)). The purpose of a bill of particulars is "to inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense." *Id.* (internal quotation omitted). While District Courts have "broad discretion," a Court should only issue a bill of particulars when "an indictment's failure to provide factual or legal information significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial." *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir. 1989) (citing *United States v. Addonizio*, 451 F.2d 49, 62–53 (3d Cir. 1971)).

10

A defendant is not entitled to a bill of particulars where "the indictment provide[s] more than enough information to allow [the defendant] to prepare an effective trial strategy" and the defendant has "access through discovery to the documents and witness statements relied upon by the government in constructing its case." *Urban*, 404 F.3d at 772. As demonstrated above, the indictment is sufficient because it "more than adequately" informs Mr. Anand of the charges against him and enables him to prepare his defense. *Id.* at 771–72. Moreover, as will be addressed in greater detail below, the Government has provided voluminous discovery to Mr. Anand which includes documents and patient interviews that the Government intends to rely on at trial. Mr. Anand has more than enough information to prepare an effective trial strategy and to avoid surprise at trial, so he is not entitled to a bill of particulars. *Id.* at 772. For those reasons, the Court will deny Mr. Anand's motion for a bill of particulars.

### A.   Mr. Anand Seeks Information Beyond What the Government Is Required To Plead In An Indictment

In his motion for a bill of particulars, Mr. Anand seeks (1) specific executions of health care fraud including the date, medication claim number, and patient of each specific execution alleged, and (2) each claim and insurer or Government program the Government intends to raise or introduce at trial. The Government is not required to provide this information to Mr. Anand because the indictment sets for the essential information—the execution of the fraudulent scheme by Mr. Anand and his co-conspirators—in sufficient detail to allow Mr. Anand to prepare his defense. *See United States v. McGill*, No. 12-cr-112-01, 2016 WL 48214, at *7 (E.D. Pa. Jan. 5, 2016); *see also United States v. Sachakov*, 812 F. Supp. 2d 198, 214–15 (E.D.N.Y. 2011) (denying defendant's request for a bill of particulars requesting a list of all fraudulent claims submitted to Medicare and private insurers, and all patients for whom fraudulent claims were submitted because "[t]he indictment cites to and tracks the language of the relevant statute; it specifically identifies

11

the elements of the offense charges, the time and place of the defendants conduct, and the allegations against the defendant"). Further, the Government has already provided much of this information to Mr. Anand through discovery. It has produced documents which include claims data identifying the patients for whom Mr. Anand submitted claims for medications, controlled substances prescribed in Mr. Anand's name, bank records, and patient interviews. Mr. Anand has not demonstrated any need for this additional information and the Court will not compel the Government to produce it.

As to the conspiracy to distribute controlled substances charge, Mr. Anand seeks (1) each controlled substance distribution the Government intends to introduce at trial, (2) each participant in the alleged conspiracy to distribute controlled substances, and (3) the date of participation of each member of the drug conspiracy. Mr. Anand is not entitled to this information because the Government is only required to prove that Mr. Anand *agreed* with his co-conspirators to distribute Schedule II controlled substances without a legitimate medical need and outside the usual course of professional practice. The Government is not required to "prove the commission of *any* over acts in furtherance of the conspiracy." *Shabani*, 513 U.S. at 15 (emphasis added). "[A]s applied to a charge of conspiracy . . . the view virtually universally held is that the defendant is not entitled to particulars regarding the formation of the conspiracy; [the] exact time and place of overt acts and the names and addresses of persons present; the details concerning how and when the conspiracy was formed or when each participant entered the conspiracy." *United States v. Upton*, 856 F. Supp. 727, 753 (E.D.N.Y. 1994); *see also United States v. Mitlof*, 165 F. Supp. 2d 558, 569 (S.D.N.Y. 2001) (requests to know the "whens," "wheres," and "with whoms" of acts in conspiracy are routinely denied); *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir. 1989), *cert. denied*, 493 U.S. 834 (1989) ("As a general rule, the

defendant does not 'need' detailed evidence about the conspiracy in order to prepare for trial properly. It is well settled that defendants need not know the means by which it is claimed they performed acts in furtherance of the conspiracy nor the evidence which the Government intends to adduce to prove their criminal acts.").

Mr. Anand has not demonstrated any need for the requested information. For these reasons, the Court will deny Mr. Anand's motion for a bill of particulars.

**B.   The Government Has Produced Significant Discovery Which Provides Mr. Anand With The Information He Seeks**

A bill of particulars is not warranted when the Government has provided significant discovery to the defendant. *Urban*, 404 F.3d at 772; *McGill*, 2016 WL 48214, at *7; *see also United States v. Marrero*, 904 F.2d 251, 258 (5th Cir. 1990) ("[W]hen the information requested is provided to the defendant in some other form, no bill of particulars is required."); *United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984) (finding that the purposes of a bill of particulars are served "if the Government provides full discovery to the defense"). The defendant in *McGill* was charged with conspiring to commit health care fraud and substantive counts of health care fraud. 2016 WL 48214, at *1. Ms. McGill sought a bill of particulars setting forth a "detailed accounting of all the claims that are alleged to be false, why they are false, how they are false, how they were billed—and payments made." *Id.* at *7 (internal quotation marks omitted). The Court denied Ms. McGill's motion for a bill of particulars because "[t]he Government has maintained an open file policy of discovery in this case, and [Ms. McGill] is well aware of the evidence that the Government plans to present at trial." *Id.* at *8.

Here, like in *McGill*, the Government has maintained an "open file policy of discovery." *Id.* To date, the Government has produced more than 750,000 pages of discovery and forensic images to Mr. Anand. This discovery includes claims data from Medicare, Independence Blue

13

Cross, and the Office of Personnel Management identifying the patients for whom Mr. Anand submitted claims for medications; data from the Pennsylvania Prescription Drug Monitoring Program, which provides information regarding every controlled substance prescribed in Mr. Anand's name; bank records; *Jencks* Act material of the witnesses interviewed by the government, including patients;[3] and the patient files containing the notes from office visits at Mr. Anand's practice.

This discovery provides Mr. Anand with necessary information regarding the charges against him. Moreover, the Government has also produced evidence that it intends to rely on at trial, including patient interviews. Considering the voluminous discovery already produced, Mr. Anand has not demonstrated a need for a bill of particulars. *See Urban*, 404 F.3d at 772; *Marrero*, 904 F.2d at 258. For these reasons, the Court will deny Mr. Anand's motion for a bill of particulars.

CONCLUSION

For all of the aforementioned reasons, the Court denies Mr. Anand's motion to dismiss the indictment and his motion for bill of particulars. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[3]     *Jencks* Act material includes "statement[s] or report[s] in the possession of the United States which w[ere] made by a Government witness or prospective Government witness." 18 U.S.C. § 3500(a); *see United States v. Murphy*, 569 F.2d 771, 773 (3d Cir. 1978).