## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **NEIL K. ANAND** *et al.* | : | **No. 19-518** |

## MEMORANDUM

PRATTER, J.                                                    OCTOBER 17ᵗʰ, 2022

    Neil K. Anand seeks to modify the protective order issued on October 21, 2019. However, Mr. Anand failed to articulate a need to modify the protective order and has demonstrated no hardships with respect to conducting discovery pursuant to the protective order. The Court therefore denies Mr. Anand's motion to modify the protective order.

### BACKGROUND

    On September 10, 2019, a federal grand jury in the Eastern District of Pennsylvania returned a two-count indictment charging Mr. Anand and his three co-conspirators—Asif Kundi, Atif Mahmood Malik, and Viktoriya Makarova—with one count of health care fraud, in violation of 18 U.S.C. § 1347, and one count of conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846. The indictment charges Mr. Anand and his co-conspirators with prescribing medically unnecessary medication in order to fraudulently bill insurers, along with conspiring to distribute oxycodone to Mr. Anand's patients without a legitimate medical purpose and outside the usual course of professional practice. The charged fraudulent activity and conspiracy took place over a nearly three-and-a-half year period.

On October 21, 2019, the Court entered a protective order covering the Government's discovery productions to Mr. Anand.[1] According to the Government, it produced discovery to Mr. Anand on six occasions between October 2019 and March 2020 pursuant to the protective order. In June 2020, Mr. Anand filed a motion to modify the protective order requesting the following modifications:

1. Allow Mr. Anand unsupervised access to discovery so that he may review it remotely from home;

2. Allow Mr. Anand's counsel to reproduce and/or disseminate discovery materials to Mr. Anand for the purpose of his remote review; and

3. Allow Mr. Anand access to unredacted patient records with the stipulation that he will not share with anyone the personal identifying information or protected health information contained within the discovery materials.

Mr. Anand concedes that he consented to the entry of the protective order but argues that changed circumstances and new information make it necessary to modify the order. The Government urges the Court to deny Mr. Anand's motion because the need to protect patients' personal identifiable information (PII) and protected health information (PHI) remains paramount.[2,3]

---

[1]     The Court also granted protective orders covering the Government's discovery productions to Mr. Anand's three co-defendants in this matter.

[2]     Personal Identifiable Information (PII) is defined as "[a]ny representation of information that permits the identity of an individual to whom the information applies to be reasonably inferred by either direct or indirect means." *Guidance on the Protection of Personal Identifiable Information*, U.S. DEPARTMENT OF LABOR https://www.dol.gov/general/ppii (last visited Oct. 7, 2022). PII includes a person's name, address, social security number, telephone number, email address, etc. *Id.* Protected Health Information (PHI) is protected by HIPAA and includes a person's past, present or future physical or mental health condition; the provision of health care to an individual; the past, present, or future payment for the provision of health care to the individual; and common identifiers such as a person's name, address, birth date, and social security number. *Summary of the HIPAA Privacy Rule*, HHS.GOV hhs.gov/hipaa/for-professionals/privacy/laws-regulations/index.html (last visited Oct. 7, 2022).

[3]     Asif Kundi, one of Mr. Anand's co-defendants, also filed a motion to modify the protective order specific to his case, to which the Government filed a response. In response to Mr. Anand's motion to modify the protective order, the Government incorporated its response to Mr. Kundi's motion.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 16(d)(1) provides that, with respect to protective orders, "the court may, *for good cause*, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." (emphasis added). "[I]t is well-established that a party wishing to obtain an order of protection over discovery material must demonstrate that 'good cause' exists for the order of protection." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). The Third Circuit Court of Appeals has recognized several factors that may be considered when evaluating whether "good cause" exists:

1. Whether disclosure will violate any privacy interests;
2. Whether the information is being sought for a legitimate purpose or for an improper purpose;
3. Whether disclosure of the information will cause a party embarrassment;
4. Whether confidentiality is being sought over information important to public health and safety;
5. Whether the sharing of information among litigants will promote fairness and efficiency;
6. Whether a party benefitting from the order of confidentiality is a public entity or official; and
7. Whether the case involves issues important to the public.

*Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (citing *Pansy*, 23 F.3d at 787–91). When considering whether to modify an existing protective order, the Court must consider these same factors. *Pansy*, 23 F.3d at 790. Additionally, the Court must consider the "reliance by the original parties on the [protective] order." *Id.*

## DISCUSSION

Mr. Anand argues that changed circumstances and new information make it necessary to modify the protective order. While Mr. Anand points to changed circumstances because of the COVID-19 pandemic, he fails to articulate any new information which necessitates a modification to the order. Mr. Anand identifies three factors which he argues support his motion to modify the

protective order: (1) whether the disclosure will violate any privacy interests, (2) whether information is being sought for a legitimate purpose or improper purpose, and (3) whether the sharing of information will promote fairness and efficiency. *See Pansy*, 23 F.3d at 790. Despite raising arguments based on these factors, Mr. Anand fails to articulate a good faith reason to modify the protective order. Mr. Anand also fails to articulate any hardships that he experienced obtaining discovery pursuant to the protective order. And finally, both parties have relied on the protective order in conducting discovery. For all of these reasons, the Court will deny Mr. Anand's motion to modify the protective order.

## I.    Mr. Anand Fails to Articulate a Reason Why the Negotiated Protective Order Should Be Modified

"The party seeking to modify the [protective order] must come forward with a reason to modify the order. Once that is done, the court should then balance the interests, including the reliance by the original parties to the order, to determine whether good cause still exists for the order." *Pansy*, 23 F.3d at 790. Good faith justified the initial entry of the protective order in this case because a protective order was necessary to protect patients' PII and PHI, and the identity of unindicted individuals. The parties negotiated and agreed to the terms in the protective order, which effectuated this goal.

### A.   Mr. Anand is Able to Prepare his Defense Under the Protective Order

In his motion to modify the protective order, Mr. Anand has not articulated a reason to modify the order. Rather, Mr. Anand argues that that because health care fraud cases are based on discrepancies between services provided and services billed for, it is necessary for the preparation of his defense that he be able to review unredacted discovery materials. Mr. Anand asserts that the protective order is restrictive because it needlessly limits the content of discovery with redactions. The Government argues that the only redactions in the discovery were in witness interview reports.

4

Documents containing the personal information of government witnesses, and bills and claims submitted to Medicare and other insurance providers, were apparently provided to Mr. Anand without redactions. Irrespective of the parties' disagreement over the number of redactions in the discovery, Mr. Anand has not articulated a reason to modify the protective order because Mr. Anand has sufficient information to prepare his defense as a result of the Government's extensive discovery productions.

Moreover, the possibility that the discovery contains unredacted patient information undermines Mr. Anand's argument that he should be able to view the materials remotely without attorney supervision. Allowing Mr. Anand unsupervised access presents a risk of harm to the persons whose personal information is contained in the discovery. Mr. Anand attempts to assuage this concern by asserting that he has not previously misused patient information, nor will he do so now. However, the Court is not convinced. Mr. Anand's current charges are based on his alleged misuse of patients' personal information, specifically that he misused patients' insurance information to determine which medications would be covered and then provided these medically unnecessary medications to the patients in "Goody Bags."

Mr. Anand has stated no reason to modify the protective order because he is able to prepare his defense with the extensive discovery produced pursuant to the protective order. For these reasons, the Court will deny Mr. Anand's motion to modify the protective order.

## B. Mr. Anand has not Articulated any Hardship with Respect to Conducting Discovery Pursuant to the Protective Order

Mr. Anand additionally fails to articulate that he has experienced any hardships in conducting discovery pursuant to the protective order. Mr. Anand's alleged "hardships" stem from the restrictions governing how he can view the discovery material. Mr. Anand asserts that pursuant to the protective order, he is required to go to his attorney's office to view the documents with his

attorney present. When the COVID-19 stay-at-home orders were in place in the spring and summer of 2020, Mr. Anand argues that it was impossible for him to view the discovery materials. Hence, he requested in his motion to modify the protective order that he be able to review the documents remotely and without his attorney present. Mr. Anand is correct in asserting that the COVID-19 restrictions in place during the spring and summer of 2020 impacted his ability to review the discovery. But today, no pandemic-related restrictions prevent Mr. Anand from viewing the discovery in his attorney's office. Mr. Anand has articulated no hardship warranting the modification of the protective order.

Mr. Anand's purported reason to modify the protective order is to make discovery more convenient for him by allowing him to view unredacted patient information remotely with no attorney supervision. This is not a legitimate reason the Court will entertain for modifying a protective order that is still necessitated by good cause. For all of these reasons, the Court denies Mr. Anand's motion to modify the protective order.

## II.    Mr. Anand and the Government Have Conducted Discovery in Reliance on the Protective Order

The Court also considers the parties' reliance on the protective order, although it is not required to do so. *See Pansy*, 23 F.3d at 789. Both Mr. Anand and the Government have relied on the protective order in conducting discovery. The Government points out that its reliance on the protective order is the reason it provided Mr. Anand with such extensive discovery, including unredacted PII and PHI. In the absence of the protective order, it is likely that Mr. Anand would not have had access to much of this information. Further, the Government would have required Mr. Anand to come to the United States Attorney's Office to view the discovery documents, rather than allowing him to view the documents in his attorneys' offices. Therefore, Mr. Anand has relied on, and benefited from the Government's reliance on, the protective order because it allowed him

access to many documents he would not have otherwise obtained during discovery. For these reasons, the Court will deny Mr. Anand's motion to modify the protective order.

## CONCLUSION

For the aforementioned reasons, the Court denies Mr. Anand's motion to modify the protective order. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE