IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| V.    : | No. 19-cr-00518-001 |
| : | |
| NEIL K. ANAND : | |

Neil K. Anand's Motion for Issuance of
Subpoena Pursuant to Federal Rule of Criminal Procedure 17(c)

COMES NOW, Neil K. Anand, Defendant, by and through his counsel, Coley O. Reynolds, Esquire, hereby respectfully moving this Honorable Court to Order the Clerk of Court for the United States District Court for the Eastern District of Pennsylvania to issue Subpoenas *Duces Tecum* to defense counsel for service upon Independence Blue Cross, Highmark Health, Healthcare Fraud Preventive Partnership (in care of General Dynamics Information Technology, Trusted third Party) and Qlarant NBI Medic in accordance with Federal Rule of Criminal Procedure 17, and in support thereof avers:

1. On September 10, 2019, a Grand Jury sitting in the Eastern District of Pennsylvania returned a sealed two (2) count Indictment charging Dr. Anand with one (1) count of health care fraud, in violation of Title 18, United States Code §1347 and one (1) count of conspiracy to distribute controlled substances, in violation of Title 21, United States Code §846); and aiding and abetting, in violation of Title 18, United States Code §2.

2. On December 6, 2022, a Grand Jury sitting in the Eastern District of Pennsylvania returned a ten (10) count Superseding Indictment charging Dr. Anand with one (1) count of conspiracy to commit health care fraud and wire fraud, in violation of Title 18, United States Code §1349; three (3) counts of health care fraud, in violation of Title 18, United States Code §1347; one (1) count of laundering of monetary instruments, in violation of Title 18, United States Code §1956(a)(1)(B)(I); four (4) count of unlawful monetary transactions, in violation of Title 18, United States Code §1957; one (1) count of conspiracy to distribute controlled substances, in violation of Title 21, United States Code §846; and aiding and abetting, in violation of Title 18, United States Code §2.

3. Independence Blue Cross ("Blue Cross") is health insurance company located in Southeastern Pennsylvania.

4. Highmark Health ("Highmark"), among other things, an insurance company affiliated with Blue Cross.

5. Healthcare Fraud Preventive Partnership ("HFPP") is a voluntary public-private partnership that helps detect and prevent healthcare fraud through data and information sharing. Partners include federal government, state agencies, law enforcement, private health insurance plans, and healthcare anti-fraud associations. See: https://www.cms.gov/medicare/medicaid-coordination/healthcare-fraud-prevention-partnership/about. Their records are held by Trusted Third Party General Dynamics Information Technology.

6.   Qlarant NBI Medic is tasked with assuring program integrity for Parts C and D under the Medicare Integrity Program.

7.   The Indictment alleges that Blue Cross, as well as other providers, was defrauded by Dr. Anand.

8.   Blue Cross was involved in the investigation of Dr. Anand and his business practices.

9.   Blue Cross possess detailed investigative files as well as communications with the government, law enforcement, Highmark and HFPP.

10.   Highmark, in addition to other insurance companies routinely audited Dr. Anand.

11.   Highmark recently audited Dr. Anand.

12.   The audit found Dr. Anand was operating within his duty of care as a medical professional and that his billing practices where without error or fraud.

13.   While the defense is in possession of a summary of the recent Highmark audit, the full audit, including the supporting documents are within the sole possession of Highmark and Blue Cross.

14.   Further, Highmark will have, in addition to their audit records, their own investigative records as well as communications with the government, law enforcement, Blue Cross and HFPP.

15.   HFPP issues provider alerts to other HFPP members about flagged physicians after receiving information from providers, such as Blue Cross.

16. HFPP conducts investigations into flagged physicians.

17. HFPP will have, in addition to their own investigative records, communications with the government, law enforcement, Blue Cross and Highmark.

18. Qlarant has provided information to the government that it is believed was essential to bringing charges in this matter.

19. Qlarant advertises itself as a partner of law enforcement.

20. Qlarant was involved in the investigation of this matter.

21. Qlarant will have, in addition to their own investigative records, communications with the government and law enforcement.

22. The records of Blue Cross, Highmark, HFPP and Qlarant have evidentiary value, are relevant and necessary in this matter as they will tend to rebut, the defense believes, the government allegations of unlawful prescribing of medications and of fraud and that Dr. Anand's practices were within the standard in the profession.

23. The Blue Cross, Highmark, HFPP and Qlarant documents are essential to the defense in Dr. Anand's case. These records, essentially independent investigations into Dr. Anand's practice, will tend to show whether Dr. Anand engaged in improper prescribing of controlled substance medications, health care fraud, and other charged offenses.

24. The requested documents would also contain information regarding their investigation into Dr. Anand as well as the government's investigation into

Dr. Anand.

25. The requested records are not otherwise procurable reasonably in advance of trial by exercise of due diligence.

26. Dr. Anand cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection prior to trial may tend unreasonably to delay the trial.

27. This motion is made in good faith and is not intended as a general fishing expedition.

WHEREFORE, Defendant, Neil K. Anand, for all of the foregoing reasons, respectfully requests this Honorable Court grant his Motion and Order the Clerk of Court for the Eastern District of Pennsylvania to issue subpoenas pursuant to Rule 17(c), Fed.R.Crim.P. to defense counsel for service upon Blue Cross, Highmark, HFPP and Qlarant to provide the request records well ahead of trial and directly to counsel for Dr. Anand.

Respectfully submitted:

Dated:  October 15, 2023          /s/  Coley O. Reynolds
                                  By: Coley O. Reynolds, Esquire
                                  Counsel for Neil K. Anand
                                  PA ID No.: 87923
                                  121 S. Broad Street, Suite 1200
                                  Philadelphia, PA 19107
                                  267-710-1177
                                  cor@reynoldsfirm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | No. 19-cr-00518-001 |
| | : | |
| NEIL K. ANAND | : | |

Memorandum of Law in Support of Neil K. Anand's
Motion for Issuance of
<u>Subpoena Pursuant to Federal Rule of Criminal Procedure 17(c)</u>

Federal Rule of Criminal Procedure 17(c) provides for the issuance of subpoenas for production of documents before trial. Fed. R. Crim. P. 17(c). The Rule reads, *inter alia*, as follows: "A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them."

Although there is no general constitutional right to discovery in a criminal case, "Rule 17(c) is designed as an aid for obtaining relevant evidentiary material that the moving party may use at trial." *United States v. Merlino*, Crim. No. 99-0363, 2001 WL 283165, at *6 (E.D. Pa. Mar. 19, 2001). "There may be documents and other materials in the possession of the Government not subject to Rule 16. No good reason appears to us why they may not be reached by subpoena under Rule

17(c) as long as they are evidentiary." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 219 (1951). The Third Circuit Court of Appeals has stated that the use of Rule 17 subpoenas on third parties, as long as they seek relevant evidence, is permissible. *United States v. Cuthbertson*, 630 F.2d 139, 144 (3d Cir. 1980).

A party seeking pre-trial production pursuant to Rule 17(c) must demonstrate the following:

> 1) that the documents are evidentiary and relevant;
>
> 2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence;
>
> 3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and
>
> 4) that the application is made in good faith and is not intended as a general fishing expedition.
> *United States v. Cuthbertson*, 630 F.2d 139, 145 (3d Cir. 1980) ("Cuthbertson I") (quoting *United States v. Nixon*, 418 U.S. 683, 699-700 (1974)) (quotations omitted).

"Enforcement of a pretrial subpoena duces tecum must necessarily be committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues." *United States v. Nixon*, 418 U.S. 683, 702 (1974).

This Court should order the issuance of Subpoena Duces Tecums to Independence Blue Cross ("Blue Cross"), Highmark Health ("Highmark"), Health Fraud Prevention Partnership ("HFPP") and Qlarant regarding investigations,

audits communications and other relevant and material records and documents relating to the investigation into the allegations in the indictment.  These companies would possess detailed investigation files as well as communications with law enforcement and other third parties concerning Dr. Anand.

### *The Records Are Evidentiary*

There is no question the relevant documents of investigations, audits and communications by these entities of Dr. Anand's medical practices meets the test under *Cuthberston* and *Nixon* for issuance of a Rule 17(c) subpoena duces tecum. The documents requested by Dr. Anand are, in this context, business records. These investigations, audits and communications are the records of a routine process, regularly conducted in the business of Blue Cross, Highmark, HFPP and Qlarant and these records are maintained by these entities.

### *The Records Are Relevant*

The records are relevant in this matter.  The government alleges that Dr. Anand is conducting his medical practice unlawfully.  They allege that Dr. Anand is illegally prescribing controlled substances, committing healthcare and wire fraud, engaging in unlawful monetary transactions and laundering of monetary. The requested records will support that Dr. Anand operated within both legal and professional boundaries. The requested records, including, but not limited to respective data of billings and claims submissions, as well as audits and

3

investigations performed on Dr. Anand as well as his practices, tends to support that Dr. Anand was lawfully and ethically prescribing controlled substances, not committing healthcare or wire fraud and not laundering money.

*A Subpoena Is Required to Obtain The Records In Advance of Trial*

Although Dr. Anand has some of the necessary information, he has no mechanism other than a subpoena to obtain the entire relevant records from these entities.  Further, since the requested documents are expected to be voluminous, without pre-trial production of these documents, Dr. Anand will not have the time necessary to be able to properly review the documents in preparation of trial to permit cross-examination on the detailed facets of evidence the government intends to produce at trial.

*Pre-Trial Production Will Allow A Smooth And Efficient Trial*

Furthermore, production of the records of investigations, audits, and suppporting documentation will undoubtedly speed trial preparation.

*This Request Is Not A "Fishing Expedition"*

Finally, this is not a "fishing expedition" by Dr. Anand.  The request is for specific categories of documents, known to exist, that are relevant to his case.

WHEREFORE, Defendant, Neil K. Anand, for all of the foregoing reasons, respectfully requests this Honorable Court grant his Motion and Order the Clerk of

4

Court for the Eastern District of Pennsylvania to issue subpoenas pursuant to Rule 17(c), Fed.R.Crim.P. to defense counsel for service upon Blue Cross, Highmark, HFPP and Qlarant to provide the request records well ahead of trial and directly to counsel for Dr. Anand.

Respectfully submitted:

Dated:  October 15, 2023

   /s/  *Coley O. Reynolds*
By: Coley O. Reynolds, Esquire
Counsel for Neil K. Anand
PA ID No.: 87923
121 S. Broad Street, Suite 1200
Philadelphia, PA 19107
267-710-1177
cor@reynoldsfirm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : |  |
|---|---|---|
|  | : |  |
|  | : |  |
| V. | : | No. 19-cr-00518-001 |
|  | : |  |
|  | : |  |
| NEIL K. ANAND | : |  |

## Order

    AND NOW, this _____ day of _____, 2023, upon consideration of the Motion of Defendant Neil K. Anand for the issuance of subpoenas to defense counsel for service pursuant to Federal Rule of Criminal Procedure 17 upon Highmark Health, Fifth Avenue Place, 120 Fifth Ave, Pittsburgh, PA 15222, Independence Blue Cross, 1901 Market Street, Philadelphia, PA 19103, Healthcare Fraud Prevention Partnership, C/O General Dynamics Information Technology, Trusted Third Party, 3150 Fairview Park Drive, Falls Church, VA 22042 and Qlarant, 28464 Marlboro Ave, Easton, Maryland 21601-2732 and it is hereby ORDERED that said Motion is **GRANTED.**

    The Clerk of Court for the United States District Court for the Eastern District of Pennsylvania shall issue Subpoenas to defense counsel for service in accordance with Rule 17, Fed.R.Crim.P., ordering:

        1.      Highmark Health, Fifth Avenue Place, 120 Fifth Ave, Pittsburgh, PA 15222;

2. Independence Blue Cross, 1901 Market Street, Philadelphia, PA 19103; and,

3. Healthcare Fraud Prevention Partnership, C/O General Dynamics Information Technology, Trusted Third Party, 3150 Fairview Park Drive, Falls Church, VA 22042; and

4. Qlarant, 28464 Marlboro Ave, Easton, Maryland 21601-2732;

to provide the subpoenaed documents directly to Coley O. Reynolds, Esquire, 121 S. Broad Street, Suite 1200, Philadelphia, PA 19107 within 30 days of service.

By the Court:

_____
HON. GENE E.K. PRATTER
Judge, United States District Court

Certificate of Service

I, Coley O. Reynolds, Esquire, counsel for Neil K. Anand, the defendant, hereby certify a true and correct copy of the attached Motion has been served upon the following:

Darren C. Halverson, Esquire
U.S. Department of Justice
Suite 700
970 Broad Street
Newark, NJ 07102
(*via ECF and email: darren.helverson@usdoj.gov*)

Paul J. Koob, Esquire
U.S. Department of Justice
Criminal Division, Fraud Section
402 E. State Street, Suite 430
Trenton, NJ 08608
(*via ECF and email: paul.koob2@usdoj.gov*)

Kathleen M. Gaughan, Esquire
Counsel for Asif Kundi
Federal Defender's Office
601 Walnut Street, Suite 540
Philadelphia, PA 19106
*(via ECF and email: kathleen_gaughan@fd.org)*

Dina Chavar, Esquire
Counsel for Atif Mahmood Malik
1007 North Orange Street, 4th Floor
Wilmington, DE 19801
*(via ECF and email: dina@dinachavar.com)*

Paul J. Hetznecker, Esquire
1420 Walnut Street, Suite 911
Philadelphia, PA 19102
*(via ECF and email: phetznecker@aol.com)*

Dated: October 15, 2023          */s/ Coley O. Reynolds*
                                  Coley O. Reynolds, Esquire