IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 19-518-1 |
| : | |
| NEIL K. ANAND : | |
| : | |

MEMORANDUM

**KENNEY, J.**                                                                                   **SEPTEMBER 22, 2025**

Before this Court are four pending *pro se* motions by Defendant Neil Anand: (1) *Pro Se* Emergency Motion for Stay of Sentencing Pending Appeal (ECF No. 669); (2) *Pro Se* Motion for Reconsideration and Request for Limited Pro Se Authority to Preserve Constitutional Rights (ECF No. 670); (3) *Pro Se* Motion for Certificate of Appealability and Permission to File Interlocutory Appeal from Orders Denying Franks Hearing and Orders Denying Termination of Counsel (ECF No. 671); (4) *Pro Se* Comprehensive Motion to Dismiss the Indictment With Prejudice and Response to Government's Sentencing Memorandum (ECF No. 678). For the reasons that follow, the Motions at ECF Nos. 669, 670, 671, and 678 are **DENIED**.

I.   **Background**

A jury rendered a verdict against Defendant Anand on April 15, 2025, finding him guilty of all ten counts charged in the superseding indictment. *See* ECF No. 613. Following the verdict, the Government moved to revoke pretrial release pending sentencing, which the Court denied. *See* ECF No. 618. The Court then set sentencing for August 19, 2025. *See* ECF No. 620. In the months that followed, the Court granted two motions for a continuance of the sentencing hearing— filed by Defendant—resulting in a roughly five-month gap between the jury verdict and the

sentencing hearing.  *See* ECF Nos. 649, 667.  Defendant Anand's sentencing hearing is set to take place on September 23, 2025, at 9:00 a.m.

At this time, all pre-sentencing issues have been briefed, and the Court is prepared to hold the sentencing hearing on the scheduled date.  Counsel for Defendant Anand are prepared and have submitted their objections to the pre-sentence investigation report ("PSR") and sentencing memorandum.  The Government is prepared and has also submitted its sentencing memorandum.  The instant filings by Defendant Anand, in contrast, are about delay.  None of the arguments Defendant Anand raises warrant granting his motions or further delaying sentencing.

**II.     *Pro Se* Emergency Motion for Stay of Sentencing Pending Appeal (ECF No. 669)**

Defendant Anand is not entitled to a stay of sentencing pending appeal of the Court's denial of his request to terminate Counsel and enforce their withdrawal.  "Courts have inherent power to issue a stay which temporarily suspends the operation of an order or proceeding." *United States v. Doreian*, No. CV 24-304, 2025 WL 269165, at *3 (E.D. Pa. Jan. 22, 2025) (citing *Nken v. Holder*, 556 U.S. 418, 428–29 (2000)).  One moving for a stay "bears the burden of establishing its need."  *Clinton v. Jones*, 520 U.S. 681, 708 (1997).  In the civil context, the Third Circuit has articulated four factors for "granting the extraordinary remedy of a stay pending appeal":

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*El v. Marino*, 722 F. App'x 262, 267 (3d Cir. 2018); *see also Doreian*, 2025 WL 269165, at *3 (E.D. Pa. Jan. 22, 2025) (citing these factors in the criminal context); *United States v. Fiumara*, 605 F.2d 116, 117 (3d Cir. 1979) (applying substantially similar factors to motion to stay before Court of Appeals prior to sentencing hearing).

Here, most glaring is that Defendant Anand has failed to establish that he is likely to succeed on the merits. The Court discussed—at length—in its memorandum opinion on the motion to withdraw and request to substitute counsel (ECF No. 666) the reasons why Defense counsel is best equipped to represent Defendant Anand at sentencing. Specifically, Defense counsel has represented Defendant Anand since 2023, through and beyond trial. Defendant Anand was satisfied with his attorneys during trial and in the months preceding the August 29, 2025 meeting. Defense counsel was present and represented Defendant Anand at the pre-sentence investigation interview. Indeed, Defense counsel zealously represented Defendant even *after* the purported irreparable breakdown in their relationship, notably, by filing a lengthy sentencing memorandum along with letters in support of Defendant Anand. *See* ECF No. 660. After an in-depth hearing and close review of the briefing, the Court ultimately did not find an irreparable breakdown in the attorney-client relationship other than what was created by Defendant Anand to delay sentencing. Instead, it surmised that any "breakdown" in the attorney-client relationship was caused by Defendant Anand attempting to re-try his case rather than prepare for sentencing. As a result, it denied the motion to withdraw and the motion to substitute counsel. Defendant Anand has not otherwise explained to the Court how he is likely to succeed on the merits on appeal.

As to the other factors, although it is unlikely that the Government would be "substantially injure[d]" by a stay, Defendant Anand has failed to articulate how he will be irreparably harmed without the stay. Should Defendant Anand's appeal of the motion to substitute counsel be successful, the likely remedy is resentencing. *See, e.g.*, *United States v. Jennette*, 387 F. App'x 303, 308 (4th Cir. 2010) (finding that the District Court had abused its discretion in failing to grant the motion to substitute counsel prior to sentencing and remanding for resentencing proceedings). Nor has Defendant Anand shown that the public interest is in his favor; in fact, there is a public

interest in timely punishment for a serious offense, deterrence, and finality. *See United States v. Chaney*, No. 20-4294-CR, 2022 WL 2315184, at *1 (2d Cir. June 28, 2022) (affirming this reasoning in the context of district court's decision to proceed with plea and sentencing hearings by videoconference during the COVID-19 pandemic); *see also United States v. Poston*, 902 F.2d 90, 96 (D.C. Cir. 1990) ("[T]he public's interest in the dispensation of justice that is not unreasonably delayed has great force."). Accordingly, the Motion (ECF No. 669) is **DENIED**.

### III. *Pro Se* Motion for Reconsideration and Request for Limited Pro Se Authority to Preserve Constitutional Rights (ECF No. 670)

Defendant Anand is not entitled to reconsideration of his motion to substitute counsel. A district court has inherent authority to reconsider interlocutory orders. *See Anthanassious v. Palmer*, 418 F. App'x 91, 95 (3d Cir. 2011) (noting that this authority is both inherent and also reflected in Federal Rule of Civil Procedure 54(b)). The district court may exercise that authority when it is convinced that a prior ruling was erroneous or would cause an "unjust result." *Id.* at 95–96 (citation omitted). Though reconsideration of interlocutory and final orders differs, "courts frequently invoke [the standards governing final orders] as common-sense guideposts when parties seek reconsideration of an interlocutory ruling." *Hamat v. Vestas Am. Wind Tech., Inc.*, No. 3:24-CV-956-SI, 2025 WL 1780565, at *1 (D. Or. Apr. 28, 2025) (quoting Stephen S. Gensler & Lumen N. Mulligan, *2 Fed. R. of Civ. P., Rules and Commentary*, Rule 54 (2022)). Those standards look to whether (1) there has been "an intervening change in the controlling law," (2) "new evidence" exists "that was not available when the court issued its order," or (3) there is a "need to correct a clear error of law or prevent manifest injustice." *Gibson v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 182, 190 (3d Cir. 2021). And, ultimately, reconsideration is the exception rather than the norm because the typical practice is for courts to "refuse to reopen what has been decided." *See Anthanassious*, 418 F. App'x at 96.

Defendant Anand repeatedly argues in his motion that granting reconsideration is necessary to avoid a "manifest injustice."[1] *See, e.g.*, ECF No. 670 at 1–2, 5. The Third Circuit has not adopted a precise definition of "manifest injustice" in the context of a motion for reconsideration, but has explained that "there is substantial, if not complete, overlap between" the concepts of a "clear error of law" and "manifest injustice." *In re Energy Future Holdings Corp.*, 904 F.3d 298, 311–12 (3d Cir. 2018). In any event, Defendant Anand has not shown how denying reconsideration would bring about a "manifest injustice" at all. Defendant Anand is represented by qualified attorneys who have significant experience litigating in the sentencing stage of criminal proceedings. Defense counsel are intimately familiar with Defendant Anand's case, and, necessarily, how to best challenge enhancements and present mitigation arguments in his favor. Defendant Anand does not present any additional information to the Court establishing that an irreparable breakdown occurred. Further, he is permitted to appeal from the final judgment once entered.[2] Accordingly, the Motion for Reconsideration (ECF No. 670) is **DENIED**.

---

[1] Defendant Anand does not appear to cite an intervening change in law or newly discovered evidence relating to the request to substitute counsel in the Motion for Reconsideration. Therefore, the Court evaluates the Motion under the "manifest injustice" prong only.

[2] At base, Defendant Anand's issues with counsel relate to their handling of appealable issues purporting to establish his innocence and/or prosecutorial misconduct. While Defendant Anand also challenges his counsel's handling of objections to the PSR, the Court notes that counsel submitted thorough objections to the PSR to be ruled on at the sentencing hearing. If Defendant Anand is unhappy with counsel's strategy regarding appealable issues, he is free to move for a substitution of counsel on appeal. But this proceeding is at the sentencing stage, and it is now incumbent upon defense counsel only to aid the Court in its determination of a sentence for Defendant Anand that is "sufficient, but not greater than necessary, to comply with the purposes of sentencing," *United States v. Simmons*, 69 F.4th 91, 95 (3d Cir. 2023) (quoting 18 U.S.C. § 3553(a)) (internal quotations omitted), and zealously represent their client on sentencing issues and mitigation, all of which they are fully prepared to do.

IV.  *Pro Se* Motion for Certificate of Appealability and Permission to File Interlocutory Appeal from Orders Denying Termination of Counsel (ECF No. 671)

The Court declines to grant the Motion for Certificate of Appealability and Permission to File an Interlocutory Appeal.  Defendant moves under 28 U.S.C. § 1292(b)[3] for leave to file an interlocutory appeal of two orders: (1) the Court's September 5, 2024 Order denying Defendant's Motion to Suppress and Request for a *Franks* hearing (ECF No. 427), and (2) the Court's September 8, 2025 Order denying Defendant's request for substitute counsel (ECF No. 667).  *See* ECF No. 671 at 2.  However, 28 U.S.C. § 1292(b) provides that "[w]hen a district judge, in making in *a civil action* an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order."  28 U.S.C. § 1292(b) (emphasis added).  Section 1292(b) is expressly limited to civil actions.  *See* § 3918 Criminal Defendant Appeals—Introduction, 15B Fed. Prac. & Proc. Juris. § 3918 (2d ed.) ("The provision for interlocutory appeal by permission under § 1292(b) . . . is available only in civil actions.").

A criminal defendant ordinarily cannot appeal until after the final judgment is entered in their case.  *See Flanagan v. United States*, 465 U.S. 259, 263 (1984).  "Final judgment in a criminal case means sentence. The sentence is the judgment."  *United States v. Rodriguez*, 855 F.3d 526,

---

[3] To the extent that Defendant Anand also moves under Federal Rule of Appellate Procedure 5, *see* ECF No. 671 at 2, Rule 5 outlines the procedure "[t]o request permission to appeal when an appeal is within the court of appeals' discretion." Fed. R. App. P. 5.  The party seeking to appeal by permission must "fil[e] a petition with the *circuit clerk* and serve it on all other parties to the district-court action." *Id.* (emphasis added).  Defendant Anand's motion is before the District Court—not the circuit clerk.  Therefore, an analysis under Federal Rule of Appellate Procedure 5 is improper at this juncture.

530 (3d Cir. 2017) (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)).  The collateral-order doctrine is a "narrow exception" to the final judgment rule and "interpreted . . . with the utmost strictness in criminal cases."  *See Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798–99 (1989).  Under the collateral order doctrine, a non-final judgment order may be appealable from "decisions that, while they do not end the litigation on the merits, finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated."  *United States v. Mitchell*, 652 F.3d 387, 392–93 (3d Cir. 2011).  The doctrine applies in a criminal case when an order "possess[es] sufficient independence from the main course of the prosecution."  *Id.* at 393 (internal quotations omitted).  To come within the ambit of the collateral order doctrine, "an order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment."  *Id.*  Each of these requirements must be met.  *Id.*

The recognized circumstances under which a criminal defendant may seek review of a collateral order are in cases involving the denial of motions to dismiss an indictment under the Double Jeopardy Clause, to reduce bail, and to dismiss an indictment under the Speech and Debate Clause.  *United States v. Hernandez-Vasquez*, No. 21-1538, 2023 WL 3051902, at *1 (3d Cir. Apr. 24, 2023).  "In these circumstances, the beginning of trial would destroy the practical value of the right."  *Id.* (internal quotations omitted).

Although none of the aforementioned circumstances are at issue here, for avoidance of doubt, the Court recognizes that only the substitution of counsel is arguably an "issue completely separate from the merits of the action."  *Mitchell*, 652 F.3d at 393.  However, the Court's decision

on the motion to substitute counsel is not "effectively unreviewable on appeal from a final judgment." *Id.* Defendant Anand is permitted to appeal the Court's decision on the motion upon final judgement. Indeed, Circuit Courts have recognized that decisions regarding the substitution of counsel may be remedied post-sentencing. *See United States v. Valdez*, 663 F.3d 1056, 1058–59 (9th Cir. 2011); *United States v. Culbertson*, 598 F.3d 40, 49 (2d Cir. 2010); *United States v. Johnson*, 525 F.3d 648, 649 (8th Cir. 2008).[4] Therefore, the third prong of the collateral order test is not met here. Accordingly, the Motion (ECF No. 671) is **DENIED**. *See United States v. Nguyen*, 379 F. App'x 177, 178–79 (3d Cir. 2010) (dismissing appeal from District Court's denial of "pro se petition for the appointment of new counsel" as an interlocutory appeal "filed before he was sentenced by the District Court").

## V. *Pro Se* Comprehensive Motion to Dismiss the Indictment With Prejudice and Response to Government's Sentencing Memorandum (ECF No. 678)

The court denies Defendant Anand's *pro se* Motion to Dismiss the Indictment, as it is untimely and otherwise based on arguments unrelated to the Superseding Indictment. *See* Fed. R. Crim. P. 12(b)(3)(B). He has not established good cause for review of the untimely motion. Fed. R. Crim. P. 12(c)(3).

To the extent that Defendant Anand uses the motion as a vehicle for responding to the Government's Sentencing Memorandum, he is represented by Counsel who retain professional discretion to respond to the Memorandum if they believe it necessary to advance Defendant Anand's mitigation strategy. Further, Defendant Anand will have an opportunity to make statements on his own behalf at sentencing. The Court continues to strongly advise Defendant

---

[4] It is of note that each of these cases relate to motions for substitute counsel *prior* to trial. *Valdez*, 663 F.3d at 1057; *Culbertson*, 598 F.3d at 49; *Johnson*, 525 F.3d at 648. As previously stated, this case is at the post-trial stage, and Defendant Anand did not raise any concerns regarding counsel during the lengthy trial proceedings.

Anand to discuss the need and grounds for a response, and his sentencing strategy in general, with his court appointed counsel.

## VI.     Conclusion

In light of the foregoing, the Court **DENIES** the (1) *Pro Se* Emergency Motion for Stay of Sentencing Pending Appeal (ECF No. 669); (2) *Pro Se* Motion for Reconsideration and Request for Limited Pro Se Authority to Preserve Constitutional Rights (ECF No. 670); (3) *Pro Se* Motion for Certificate of Appealability and Permission to File Interlocutory Appeal from Orders Denying Termination of Counsel (ECF No. 671); and (4) *Pro Se* Comprehensive Motion to Dismiss the Indictment With Prejudice and Response to Government's Sentencing Memorandum (ECF No. 678).  In filing these motions, it is apparent to the Court that Defendant Anand is seeking special treatment to delay his sentencing by demanding the Court appoint new counsel to represent him on the eve of the sentencing hearing.  Were the Court to appoint new counsel at this juncture, the sentencing hearing would be delayed for months, at minimum.  Such a decision would set dubious precedent that a criminal defendant could delay their inevitable sentencing post-verdict by unilaterally terminating court appointed counsel and demanding substitute counsel be appointed just before their sentencing hearing.  And it is settled that "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them."  *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006).

The sentencing will proceed as scheduled on September 23, 2025 at 9:00 a.m.

BY THE COURT:

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, JUDGE**
