IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 19-518-1 |
| | : | |
| NEIL K. ANAND | : | |
| | : | |

MEMORANDUM

KENNEY, J.                                                                                   NOVEMBER 6, 2025

Before this Court are two pending *pro se* motions by Defendant Neil Anand: (1) Pro Se

Emergency Motion to Compel Production of Judicial Log, Internal Circulation Memoranda, Draft

Orders, and Associated Metadata to Preserve Due Process and the Integrity of Judicial Proceedings

(ECF No. 698), and (2) Pro Se Second Motion for a New Trial Pursuant to Fed. R. Crim. P. 33

(ECF No. 706).  For the reasons that follow, the Motions (ECF Nos. 698, 706) are **DENIED**.

I.      BACKGROUND

A jury rendered a verdict against Dr. Anand on April 15, 2025, finding him guilty of all

ten counts charged in the superseding indictment.  *See* ECF No. 613.  On September 23, 2025, the

Court sentenced Dr. Anand to 168 months' imprisonment, three years of supervised release,

restitution, and a special assessment.  *See* ECF No. 696.  Shortly thereafter, on September 26,

2025, Dr. Anand filed an Emergency Motion to Compel.  ECF No. 698.

On October 2, 2025, counsel for Dr. Anand filed a notice of appeal of the judgment.  *See*

ECF No. 705.  The appeal is currently pending in the Third Circuit.  *See United States of America*

*v. Neil Anand*, No. 25-2804 (3d Cir.).  Despite the Third Circuit proceedings, however, Dr. Anand

filed a *pro se* Motion for New Trial under Federal Rule of Criminal Procedure 33 before this Court

on October 22, 2025.  *See* ECF No. 706.  The Government filed a Response in Opposition on

October 28, 2025, *see* ECF No. 707, and Dr. Anand filed his *pro se* Reply and Notice of Supreme

Court Mandamus Proceedings on October 31, 2025, *see* ECF No. 708.

The Motions (ECF Nos. 698, 706) are ripe for review.

## II.    DISCUSSION

Based on a review of the briefing before it, the Court denies the pending *pro se* Motions

(ECF Nos. 698, 706).

### A.  *Pro Se Emergency Motion to Compel (ECF No. 698)*

Dr. Anand moves the "Court for an emergency order compelling the Clerk of Court and/or

the Office of the Presiding Judge(s) to disclose and produce certain judicial records and metadata."

ECF No. 698 at 1.  Specifically, Dr. Anand requests that the Court provide him with judicial

records regarding "an extraordinary 909-day delay in the adjudication of" his Motion to Dismiss

the Indictment, filed on April 15, 2020.  *Id.* at 2–3; ECF No. 94.  Dr. Anand seeks "[i]nternal case

management entries reflecting administrative actions, status codes, and timestamps from April 15,

2020 to October 11, 2022," "[d]ocumentation of assignment, reassignment, or routing of the

motion among chambers staff or between chambers," and "[d]igital metadata showing the creation

date and modification history of the October 11, 2022 order."  ECF No. 698 at 3.

Dr. Anand cites no authority permitting an inquiry into internal court records at the post

sentencing stage regarding the disposition of a motion, much less three years after the Court's

decision on the motion.  Further, it is unclear to the Court from Dr. Anand's briefing how these

internal records and data would provide insight into the reasons for any "delay" without necessarily

implicating the Court's confidential deliberations with its staff.  Accordingly, the Motion (ECF

No. 698) is denied.

B.  *Pro Se Motion for New Trial (ECF No. 706)*

Under Federal Rule of Criminal Procedure 33, a motion for a new trial on the ground of "newly discovered evidence must be filed within 3 years after the verdict or finding of guilty.  If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case."  Fed. R. Crim. P. 33(b)(1).  A motion for new trial based upon any other grounds "must be filed within 14 days after the verdict or finding of guilty."  Fed. R. Crim. P. 33(b)(2).

First, Defendant's motion is untimely.  Dr. Anand does not raise newly discovered evidence—he raises arguments relating to the evidence available at trial and trial testimony.  Therefore, his motion falls under Federal Rule of Criminal Procedure 33(b)(2), which requires that a motion asserting grounds other than newly discovered evidence be filed within 14 days of the verdict.  Dr. Anand failed to file in that timeframe.

Second, to the extent Dr. Anand moves for a new trial on the ground that his Sixth Amendment rights were violated due to denials of his requests for self-representation—a point raised in his Reply brief—this argument fails.  *See* ECF No. 708 at 2.  In the midst of pre-trial filings in 2022, Dr. Anand asked Judge Pratter to represent himself.  *See* ECF No. 203.  Judge Pratter held a full hearing on the issue, *see* ECF No. 256, and ultimately denied the petition, though Judge Pratter was very clear that her ruling was "with leave to Defendant to raise the issue in the future if merited."  ECF No. 258.  Defendant did not raise the issue again in front of Judge Pratter.

Upon Judge Pratter's passing, the case came to this Judge upon reassignment on May 21, 2024.  *See* ECF No. 366.  The case still required significant pre-trial preparation, and Dr. Anand's attorneys were the lead attorneys through most of the proceedings with Dr. Anand's full cooperation.  He did not raise this issue before this Court at any time during this lengthy pre-trial period.  Indeed, at no time from reassignment through trial and verdict, until August 30, 2025—

the eve of sentencing—did Dr. Anand raise the issue of representing himself by way of his attorney or by way of filing his own petition. *See* ECF No. 653.

Throughout this entire litigation, Dr. Anand was, and is, fully aware of filing for relief on his own behalf. Indeed, throughout the six years of the criminal proceedings, the record is replete with Dr. Anand's filings of his own *pro se* motions. The Court generally addressed these submissions when filed and opted not to dismiss the filings despite his being represented by counsel. Dr. Anand made no filing requesting self-representation. Dr. Anand did not raise any concerns about his attorneys or a desire to represent himself until the trial was well over and the Court was ready for sentencing. In fact, at trial, after the Government rested and while the defense presentation was ongoing, Dr. Anand affirmed that he was satisfied with his attorneys' "advice and representation . . . in connection with [his] decision" during the Court's colloquy at sidebar on Dr. Anand's decision not to testify during trial. ECF No. 634 at 110. At all times, Dr. Anand was actively engaged with the trial proceedings, and, importantly, with his attorneys during those proceedings.

In other words, Dr. Anand's frustration with Counsel did not emerge until months after the entry of verdict when he—after trial, and before sentencing—moved *pro se* to remove his court-appointed attorneys and substitute new ones. At that time, the Court addressed Dr. Anand's *pro se* submissions from September 2, 2025 onward requesting that the Court remove his court-appointed attorneys and have other counsel appointed for him. *See, e.g.*, ECF No. 657. The Court held a full hearing on the matter on September 4, 2025, *see* ECF No. 662, and decided, in a written memorandum opinion, that Dr. Anand's request to represent himself was for purposes of delaying sentencing, *see* ECF No. 666. Therefore, there is no "new evidence" warranting a new trial on Sixth Amendment grounds. Accordingly, the Motion (ECF No. 706) is denied.

## III.    CONCLUSION

For the reasons stated above, the Motions (ECF Nos. 698, 706) are **DENIED**.  An accompanying order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**