IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 19-518-1 |
| : | |
| NEIL K. ANAND : | |
| : | |

MEMORANDUM

KENNEY, J.                                                                                          DECEMBER 26, 2025

Before the Court are the Defendant's Claim of Exemptions, Objection to Writ of Garnishment and Motion for Evidentiary Hearing (the "Defendant's Motion" or "Motion") (ECF No. 720), and the Government's Response of United States of America to Defendant's Objections to Writ of Garnishment and Motion for Evidentiary Hearing to Consider Restitution Amount (ECF No. 725). For the reasons discussed below, the Court will **DENY** the Defendant's Motion in full.

I. BACKGROUND

On April 15, 2025, after a multi-day jury trial, Defendant Neil K. Anand was convicted of several crimes related to health care and wire fraud, money laundering, and conspiracy to distribute controlled substances. *See* ECF No. 613. On September 23, 2025, the Court sentenced the Defendant to 168 months' imprisonment, 3 years of supervised release, a restitution payment of $2,406,669.00, and a special assessment of $1,000.00. *See* ECF 689, 696. Under the terms of the judgment, the restitution and special assessment payments were to be "due immediately." ECF No. 696 at 9.

To enforce the Defendant's outstanding restitution payment, on November 6, 2025, the Court granted the Government's Ex Parte Application of United States of America to Issue Writ of Garnishment (the "Writ of Garnishment") (ECF No. 709) directed to the Navy Federal Credit

Union.  *See* ECF No. 714.  Consistent with the provisions governing garnishment proceedings, notice of the Writ of Garnishment, in addition to a form by which the Defendant could claim exemptions and request a hearing, were provided to the Defendant.

On December 1, 2025, in connection with the Writ of Garnishment, the Defendant filed the instant *pro se* Claim of Exemptions, claiming that his retirement savings account, which is held by the Navy Federal Credit Union, qualified for certain exemptions under 18 U.S.C. § 3613 and requesting a hearing.  *See* ECF No. 720 at 2, 6.  In that same filing, the Defendant submitted a *pro se* "Objection to Writ of Garnishment and Motion for Evidentiary Hearing on Restitution Amount," requesting a hearing under 18 U.S.C. § 3664(e).  *Id.* at 9.  The Defendant raised several objections, including that: (1) a stay of enforcement of the restitution order be issued while the direct appeal of his conviction is pending; (2) his retirement savings account was exempt from garnishment because it was "earned through military service," qualified for certain anti-alienation protections, and was "necessary for basic living expenses"; (3) his retirement savings account was exempt from garnishment because it qualified for an exemption for child support payments; and (4) the restitution award was based on "fraudulent data," so an evidentiary hearing should be held to reconsider the amount of restitution he must pay.  *Id.* at 9–10.  The Defendant also requested authorization to subpoena certain companies for records to contest restitution.  *Id.* at 10.

On December 9, 2025, the Government filed a Response of United States of America to Defendant's Objections to Writ of Garnishment and Motion for Evidentiary Hearing to Consider Restitution Amount.  *See* ECF No. 725.  In its Response, the Government principally argued that (1) the Defendant's objections to the Writ of Garnishment were premature; (2) a stay of the restitution order pending the Defendant's direct appeal of his conviction was not warranted; (3) the Defendant's retirement savings account did not qualify for any claimed exemptions from the

Writ of Garnishment; (4) even though the Defendant owes child support payments, garnishment was still proper but may yield to the Defendant's child support obligations; and (5) the Defendant was not entitled to any hearings. *Id.* at 5–17.

## II.  DISCUSSION

As an initial matter, the Defendant's request for a stay of enforcement is denied. *See* ECF No. 720 at 9. "It is fundamental to our legal system that all orders and judgments of courts must be complied with promptly." *United States v. Stine*, 646 F.2d 839, 845 (3d Cir. 1981) (internal quotations and citations omitted). The Defendant's restitution payment is "due immediately," *see* ECF No. 696 at 9, and a stay is not warranted while the Defendant appeals his conviction and contests the amount of court-ordered restitution. The Court will order that the Clerk of Court maintain any funds that are recovered from the Navy Federal Credit Union on deposit in its accounts pending further order from this Court. Accordingly, there is no prejudice to Defendant in denying a stay while he pursues his appeal. The Court will address the parties' other arguments in turn.

### A. Objections to the Writ of Garnishment

The Mandatory Victims Restitution Act of 1996 permits the Court to order that a defendant convicted of certain crimes make restitution to victims of the offense. 18 U.S.C. § 3663A(a)(1). Restitution orders are enforced using the procedures laid out in 18 U.S.C. § 3664. *See* 18 U.S.C. § 3663A(d); *see also* 18 U.S.C. §§ 3664(m)(1)(A)(i)–(ii) (Government may enforce a restitution order "in the manner provided for in subchapter C of chapter 227 and subchapter B of chapter 229 of this title; or by all other available and reasonable means"). The Federal Debt Collection Procedures Act of 1990, 28 U.S.C. § 3001, et seq. ("FDCPA"), provides a process through which the Government can enforce judgments of restitution and recover debts, including through writs

of garnishment. The procedures for having a writ of garnishment issue are carefully proscribed by statute. *See* 28 U.S.C. § 3205.

The Defendant's *pro se* objections to the Writ of Garnishment are premature and procedurally improper. Under the relevant garnishment provisions, the garnishee—here, Navy Federal Credit Union—must file an answer to the Writ of Garnishment. *See* 28 U.S.C. § 3205(c)(3)(A); *id.* § 3205(c)(4). "Within 20 days *after receipt of the answer*," either the Defendant or the Government "may file a written objection to the [garnishee's] answer and request a hearing." *Id.* § 3205(c)(5) (emphasis added); *see also United States v. Jelen*, Nos. 23-2187, 23-2212 & 23-2290, 2025 WL 2709376, at *2 (3d Cir. Sept. 23, 2025) (discussing the procedural steps for writs of garnishment proceedings and the order of the steps in detail). Procedurally, the Defendant should have waited for the garnishee to submit an answer prior to filing any objections, and the objections themselves should have been related to the garnishee's answer, rather than directed "to the Writ of Garnishment." *See* ECF No. 720 at 9; *see also* 28 U.S.C. § 3205(c)(5). The Court will overrule the Defendant's objections to the Writ of Garnishment in light of their procedural impropriety, and for reasons that are further detailed below.

The Defendant did not expressly request a hearing under 28 U.S.C. § 3205(c)(5) in connection with his objections to the Writ of Garnishment. But construing the Defendant's *pro se* filing liberally, to the extent the Defendant intended to request a Section 3205(c)(5) hearing, any such request is improper because it was not made "after receipt of the [garnishee's] answer." 28 U.S.C. § 3205(c)(5). Since the procedural prerequisites that mandate a Section 3205(c)(5) hearing have not been satisfied, the Defendant is not entitled to a Section 3205(c)(5) hearing and the Court declines to hold one. *See, e.g.*, *United States v. Jennings*, 755 F. Supp. 3d 922, 929 (E.D.N.C. 2024) ("When a defendant's request for a hearing is not in response to the garnishee's answer, he

is not entitled to a hearing under § 3205(c)(5)."); *United States v. Ingleman*, No. 12-cv-1597-B, 2013 WL 12137733, at *3 (N.D. Tex. June 26, 2013) ("[T]he plain language interpretation of § 3205(c)(5)" indicates that "a hearing under § 3205(c)(5) is warranted only where the objection is to an answer."); *United States v. Pettigrew*, No. 10-cv-2142-M, 2011 WL 900545, at *2 (N.D. Tex. Mar. 14, 2011) (finding a defendant was "not entitled to a hearing under § 3205(c)(5)" where the defendant only filed an objection "to the garnishment itself" and not "to the garnishee's answer as contemplated by" the statute).

### B. Exemptions Claimed by the Defendant

"In garnishment proceedings, the Defendant bears the burden of establishing that his property is exempt." *United States v. King*, No. 8-cr-66-01, 2012 WL 1080297, at *3 (E.D. Pa. Apr. 2, 2012) (citing 28 U.S.C. § 3014(b)(2)). The government has broad authority to enforce judgments requiring the payment of restitution and/or fines against a defendant's property. *See* 18 U.S.C. §§ 3613(a), (f). This authority to enforce a judgment "against all property or rights to property" exists "[n]otwithstanding any other Federal law," subject to a narrow, enumerated list of exemptions. *Id.* § 3613(a)(1); *see also* 26 U.S.C. §§ 6334(a), (c). Courts routinely find that the government can "garnish retirement funds to collect criminal restitution." *United States v. Odimegwu*, No. 23-cv-340, 2023 WL 5016163, at *2 (N.D.N.Y. June 8, 2023), *report and recommendation adopted*, 2023 WL 5052018 (N.D.N.Y. Aug. 8, 2023) (citing cases).

The Court finds that the Defendant has not met his burden of demonstrating that his retirement savings account qualifies for either of the two exemptions that he claimed. *See* ECF No. 720 at 6 (claiming exemption for certain annuity and pension payments, and exemption for judgments for support of minor children). First, the Defendant claimed an exemption for "[c]ertain

annuity and pension payments." *Id.* Specifically, the following annuity and pension payments are exempt from garnishment:

> Annuity or pension payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll (38 U.S.C. § 1562), and annuities based on retired or retainer pay under chapter 73 of title 10 of the United States Code.

26 U.S.C. § 6334(a)(6).

The Court finds that the Defendant has not met his burden of demonstrating that his retirement savings account qualifies as the type of "[a]nnuity or pension payments," "benefits," "special pension payments," or "annuities based on retired or retainer pay" within the meaning of this exemption. *Id.*; *see also* 18 U.S.C. § 3613(a)(1). The Defendant claims that he earned the funds in the retirement account "through military service," *see* ECF No. 720 at 9; but beyond checking the box for this exemption, the Defendant does not otherwise provide any support or reasoning as to how his retirement savings account qualifies as the type of "[a]nnuity or pension payment" covered by this exemption. 26 U.S.C. § 6334(a)(6). Rather, the Defendant "acknowledge[s] that military retirement pay may be subject to garnishment for federal restitution under certain circumstances." ECF No. 720 at 9.

Nor does the Defendant's argument that the Employee Retirement Income Security Act ("ERISA") and anti-alienation provisions afford his retirement savings account protections, *see* ECF No. 720 at 9, have any merit because courts consistently find that the Mandatory Victims Restoration Act "supersedes the anti-alienation provisions of ERISA and the [Internal Revenue Code ("IRC")]." *See, e.g.*, *King*, 2012 WL 1080297, at *6 ("[T]he Defendant cannot rely on [ERISA or the IRC] to protect against the garnishment of his retirement accounts as restitution for

his criminal actions."); *United States v. Tilley*, No. 17-367, 2017 WL 3007799, at *3 (W.D. Pa. July 14, 2017).

Furthermore, liberally construing Defendant's argument that he needs his retirement savings account "for basic living expenses," *see* ECF No. 720 at 9, as a financial hardship claim under 28 U.S.C. § 3013, the Court rejects such a claim. *See King*, 2012 WL 1080297, at *6 (examining hardship claim asserted by the defendant under 28 U.S.C. § 3013). In connection with motions related to the payment of his bail bond, the Defendant himself represented within the past few months that he has other "readily marketable personal assets" that can be sold for over $75,000, including a 2017 Volvo XC90 SUV, two jet skis with a trailer, and a 1999 Monterey 332 Cruiser. *See* ECF No. 701 at 5. Recently, the Defendant retained private counsel to pursue his appeals with the result that his court appointed counsel was relieved of assisting on his appeals. *See United States v. Anand*, Nos. 25-2804 & 25-2902, ECF Nos. 14, 15 (3d. Cir.). In addition, the Defendant will be in his early 60s when he is released and may still be employable at that time. *See King*, 2012 WL 1080297, at *6 (denying hardship claim where the defendant would still be able to work after his release at the age of 66, even though he may lose his medical license, and would be able to collect social security payments). The facts of this case simply do not support an exercise of the Court's discretion to limit the Writ of Garnishment based on financial hardship.

The Defendant also claimed an exemption for "judgments for support of minor children," *see* ECF No. 720 at 6,[1] but did not provide the Court with any details on the amount of child support he must pay, the date the judgment was entered, or with a copy of the court-ordered

---

[1] The exemption provides in full: "If the taxpayer is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment." 26 U.S.C. § 6334(a)(8).

7

judgment. *See Jennings*, 755 F. Supp. 3d at 927 (noting that without a copy of the order, "the defendant's exemption claim [was] incomplete"). In order for the exemption to apply, Defendant's retirement account would need to qualify either as "salary, wages, or other income" within the meaning of the exemption. *See* 26 U.S.C. § 6334(a)(8); *see also* 18 U.S.C. § 3613(a)(1). The Defendant does not address which category his account may fall under. The Government contends that his retirement account does not fit within any of these three categories, but primarily rebuts the notion that his account could be considered "other income." *See* ECF No. 725 at 12–13.

While the Third Circuit has not addressed the meaning of "other income" within Section 6334(a)(8), the Fifth Circuit has found that "'other income' should be limited to things like salary or wages that are received for 'services rendered.'" *United States v. Clark*, 990 F.3d 404, 409 (5th Cir. 2021) (quoting *Woods v. Simpson*, 46 F.3d 21, 24 (6th Cir. 1995)). As such, the "child-support exemption only applies to money akin to salary and wages—meaning amounts received directly for labor such as bonuses, tips, commissions, and fees"—"[t]hat does not describe [the defendant's] retirement accounts." *Clark*, 990 F.3d at 409 (internal quotations and citations omitted); *see also United States v. Wandell*, No. 10-cr-312, 2017 WL 6033047, at *3 (D. Colo. Oct. 13, 2017) (noting that "retirement and pension benefits . . . have been found not to constitute 'other income' for purposes of section 6334(a)(8)" (citing cases)); *United States v. Koeln*, 729 F. Supp. 3d 900, 904 (E.D. Mo. 2024) (same); *United States v. Mator*, No. 20-cr-4080, 2025 WL 957226, at *3 (W.D. Mo. Mar. 6, 2025), *report and recommendation adopted*, 2025 WL 950413 (W.D. Mo. Mar. 28, 2025) (certificates of deposit not exempt under Section 6334(a)(8)); *Woods*, 46 F.3d at 23–24 (inheritance does not constitute "other income" under Section 6334(a)(8)). Applying the persuasive reasoning from *Clark*, the Court finds that the Defendant's retirement savings account

does not constitute "salary, wages, or other income," so the Defendant has not met his burden of demonstrating that his retirement account is exempt under Section 6334(a)(8).

Nevertheless, the Court acknowledges that the Defendant's court-ordered child support obligations "have priority over" the Writ of Garnishment. 28 U.S.C. § 3205(c)(8). The Court understands that the Government, the Defendant's domestic relations counsel, and counsel for the Defendant's estranged spouse are presently negotiating a lump sum amount to be set aside for the Defendant's child support obligations. *See* ECF No. 725 at 13. The Government reports that this issue will be more fully addressed in a forthcoming motion for entry of a final garnishment order. *Id.*

### C. Request for a Section 3202(d) Hearing

Under the FDCPA, the Defendant is authorized to request a hearing in connection with the Writ of Garnishment. *See* 28 U.S.C. § 3202(d). A hearing pursuant to Section 3202(d) "shall be limited" to a circumscribed set of issues: "(1) the probable validity of any claim of exemption by the judgment debtor," (2) compliance with the statutory requirements for issuing a writ, and (3) certain issues related to a default judgment. *Id.* §§ 3202(d)(1)–(3). The Defendant has not raised any issues that would fall within the purview of Sections 3202(d)(2) or (3). And as explained above, the two exemptions that the Defendant claimed related to his retirement savings account do not apply here, so the Defendant has not demonstrated that he has any valid claims of exemption. Accordingly, the Court will deny the Defendant's request for a hearing under 28 U.S.C. § 3202(d) because the two exemptions claimed by the Defendant are without merit. *See, e.g.*, *Jennings*, 755 F. Supp. 3d at 929 ("Courts routinely deny a request for hearing where the defendant did not object based on one of the issues specified in section 3202, where the objection is plainly without merit,

or where the objection is simply a matter of statutory interpretation." (internal quotations and citations omitted) (cleaned up)); *Koeln*, 729 F. Supp. 3d at 903.

### D. Motion for an Evidentiary Hearing

Finally, the Court denies the Defendant's request for an evidentiary hearing on the amount of restitution under 18 U.S.C. § 3664(e). *See* ECF No. 720 at 9–10. The Defendant cannot challenge the amount of restitution through the vehicle of a garnishment proceeding. *See United States v. Onyeri*, 996 F.3d 274, 281 (5th Cir. 2021) ("It is well-settled that a defendant may not use a garnishment proceeding to challenge the underlying judgment and restitution order in his case."). Instead, the Defendant may contest restitution in his pending direct appeal, which he is already pursuing. *See United States v. Anand*, Nos. 25-2804 & 25-2902 (3d. Cir.); *see also Stine*, 646 F.2d at 845 ("If a person to whom a judge directs an order believes that order is incorrect the remedy is to appeal" (internal quotations and citations omitted)). Similarly, the Defendant's request for authorization to subpoena Independence Blue Cross, Medicare, and Anthem for records is denied because such records have no relevance to the garnishment proceedings and would only be used to improperly contest the Defendant's restitution judgment. *See* ECF No. 720 at 10.

### III.  CONCLUSION

For the foregoing reasons, the Court will deny the Defendant's Motion (ECF No. 720) in full. An appropriate order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**