**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **CRIMINAL NO. 19-518-1** |
| : | |
| **NEIL K. ANAND** : | |
| : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                           **DECEMBER 29, 2025**

On October 1, 2019, $200,000.00 in bail was paid on behalf of the Defendant to secure the conditions of his pretrial release. Since the time that those checks were deposited with the Clerk of Court, the Defendant has been convicted after a jury trial; sentenced to a lengthy term of imprisonment, supervised release, payment of restitution, and special assessment; and surrendered to the Federal Bureau of Prisons to begin the custodial portion of his sentence.

Before the Court are the following motions related to the $200,000.00 of bail that was posted on the Defendant's behalf: the Government's Motion of United States of America to Pay Criminal Monetary Penalties with Bail Deposit (the "Government's Motion") (ECF No. 686), the Defendant's Response in Opposition to Government's Motion to Apply Cash Bail to Criminal Monetary Penalties (ECF Nos. 699, 701), the Defendant's Request for Return of Cash Bail on behalf of the Institute of Advanced Medicine and Surgery ("IAMS") (ECF No. 700 at 1), the Request for Return of Cash Bail by Ashok Anand and Nina Anand (the "September Request") (ECF No. 700 at 2), the Government's Response of United States of America to Requests for Return of Cash Bail (ECF No. 702), Ashok K. Anand's Application for Return of Cash Bail (the "November Application") (ECF No. 718), Ashok K. Anand's Amended Application for Return of Cash Bail (the "Amended Application") (ECF No. 719), and the Government's Response of United

States of America to Applications of Ashok K. Anand and Nina Anand for Return of Cash Bail (ECF No. 728).

For the reasons discussed herein, the Court will **GRANT IN PART** the Government's Motion (ECF No. 686) as to the $100,000.00 that was claimed by Ashok and Nina Anand, *see* ECF Nos. 700 at 2, 718, 719, because the Court finds that the Government has met its burden of proving by a preponderance of the evidence that these funds belong to the Defendant. The Court **DEFERS FURTHER DECISION IN PART** on the Government's Motion (ECF No. 686) as to the $100,000.00 of cash bail claimed by the Defendant on behalf of IAMS. The Defendant's Request for Return of Cash Bail on behalf of IAMS (ECF No. 700 at 1) is **DENIED WITHOUT PREJUDICE**, and may be renewed by licensed counsel should counsel appear on behalf of IAMS and file a renewed request on or before **June 29, 2026**. Should counsel fail to appear on IAMS' behalf and renew the request for return of bail on or before **June 29, 2026**, IAMS will be deemed to have waived any claim of ownership over the remaining $100,000.00 of bail. Ashok K. Anand's Amended Application for Return of Cash Bail (ECF No. 719) is **DENIED**. Ashok K. Anand's Application for Return of Cash Bail (ECF No. 718), and the Request for Return of Cash Bail by Ashok Anand and Nina Anand (ECF No. 700 at 2) are both **DENIED** as moot.

I.  **BACKGROUND**

On September 25, 2019, a multi-count indictment was unsealed against the Defendant, Neil K. Anand, charging him with violating several statutes related to health care and wire fraud, money laundering, and conspiracy to distribute controlled substances. *See* ECF No. 1; *see also* ECF No. 212 (superseding indictment). The Defendant appeared in Court for arraignment on September 30, 2019. *See* ECF Nos. 28, 29. Thereafter, an order was issued detailing the conditions that were required to secure his pretrial release, which included a requirement that the Defendant post

$200,000.00 of cash bail.  *See* ECF No. 29 at 1.  On October 1, 2019, $200,000.00 was posted on the Defendant's behalf across two checks: one check for $100,000.00, dated October 1, 2019, was made out by the Defendant's father, Ashok K. Anand; and the other check for $100,000.00, dated September 30, 2019, was made out by IAMS.  *See* ECF No. 728-1 at 1–2; ECF No. 719 at 6.  On April 15, 2025, a jury ultimately convicted the Defendant of the charges lodged against him after a multi-day trial.  *See* ECF Nos. 609, 613.

In advance of sentencing, on September 22, 2025, the Government filed a Motion of United States of America to Pay Criminal Monetary Penalties with Bail Deposit, pursuant to 28 U.S.C. § 2044.  ECF No. 686.  In the Government's Motion, the Government requested that the $200,000.00 of cash bail that was posted to secure the conditions of the Defendant's pretrial release be applied as payment for any criminal monetary penalties that he may be sentenced to.  *Id.* at 2–3.  The Government argued that payment of the Defendant's debts with his bail funds would ensure that victims would be timely compensated, and that the Defendant would be in prompt compliance with the Court's forthcoming restitution judgment.  *Id.* at 3.

The next day, on September 23, 2025, the Court held a sentencing hearing and sentenced the Defendant to 168 months' imprisonment, 3 years of supervised release, a restitution payment of $2,406,669.00, and a special assessment of $1,000.00.  *See* ECF Nos. 689, 696.  Under the terms of the judgment, the restitution and special assessment payments were to be "due immediately."  ECF No. 696 at 9.  In addition, the Court issued an order deferring decision on the Government's Motion until after the Government had an opportunity to confer with the Defendant's family

3

regarding his cash bail.  *See* ECF No. 692.[1]  The Court also ordered that all funds that were paid to secure the Defendant's bail not be released until further order of the Court.  *See id.*

On September 26, 2025, the Defendant filed a *pro se* Response in Opposition to Government's Motion to Apply Cash Bail to Criminal Monetary Penalties (ECF Nos. 699, 701). The Defendant argued that the Government's Motion should be denied because the $200,000.00 of cash bail that was paid on his behalf was the "property" of "third-party sureties"—specifically, Ashok and Nina Anand, and IAMS—"who bear no legal responsibility for the criminal judgment." ECF No. 699 at 1.  Moreover, the Defendant contended that the text of 28 U.S.C. § 2044 expressly excludes the application of cash bail to a criminal monetary payment when those funds belong to a third party.  *Id.*

On that same day, the Defendant also filed a Request for Return of Cash Bail on behalf of IAMS, which the Defendant himself signed, seeking the return of $100,000.00 of bail.  *See* ECF No. 700 at 1.  In addition, that filing included a Request for Return of Cash Bail by Ashok Anand and Nina Anand, which both of them signed, seeking the return of $100,000.00 of bail.  *Id.* at 2. Neither of those requests were notarized or sworn to under oath.  *Id.* at 1–2.

On September 30, 2025, the Government filed a Response of United States of America to Requests for Return of Cash Bail.  *See* ECF No. 702.  The Government argued that the "requests for return of cash bail [were] premature" because the Defendant had not yet surrendered to the Federal Bureau of Prisons and the bail funds were still needed to secure the conditions of his release.  *Id.* at 2.  In addition, the Government contended that the Defendant's request for the return

---

[1] According to the Government, neither defense counsel nor the Defendant's family responded to the Government's outreach regarding the bail funds after the sentencing hearing.  *See* ECF No. 728 at 3 n.2.  Instead, the Defendant and his family proceeded to file requests for the return of bail and an opposition to the Government's Motion.  *See id.*

4

of $100,000.00 of bail on behalf of IAMS was improper because a limited liability company has to be represented by a licensed attorney in order to appear in federal court.  *Id.* at 3.

On November 25, 2025, Ashok K. Anand filed another Application for Return of Cash Bail, seeking the return of $200,000.00.  *See* ECF No. 718.  This time, Ashok Anand signed the November Application and subscribed to it before the Deputy Clerk under penalty of perjury.  *Id.*  A few days later, on December 1, 2025, Ashok Anand filed an Amended Application for Return of Cash Bail.  *See* ECF No. 719.  Ashok Anand did not subscribe to the Amended Application before the Deputy Clerk or have it notarized.  *Id.* at 1.  In addition, Ashok left the box for the amount of bail that he was requesting blank, but appended a statement to the Amended Application that indicates he is seeking the return of $100,000.00 of bail.  *Id.* at 1–2.  He also attached a copy of the check that he posted for the Defendant's bail and copies of bank records purportedly demonstrating his ownership of the funds.  *Id.* at 3–6.

On December 15, 2025, the Government filed its Response of United States of America to Applications of Ashok K. Anand and Nina Anand for Return of Cash Bail.  *See* ECF No. 728.  The Government argued that the bail funds belonged to the Defendant, and that Ashok and Nina Anand had not demonstrated they were entitled to receive $100,000.00 of the cash bail.  *Id.* at 3–4.  The Government also attached multiple exhibits to its filing rebutting Ashok and Nina Anand's contention that a portion of the bail belonged to them.  *See* ECF Nos. 728-1–5.

The Defendant surrendered to the Bureau of Prisons on or about November 6, 2025, so the various motions related to the Defendant's cash bail are ripe for the Court's review and decision.

## II.   LEGAL STANDARD

Under Federal Rule of Criminal Procedure 46(g), usually "[t]he court must exonerate the surety and release any bail when a bond condition has been satisfied."  FED. R. CRIM. P. 46(g).

5

When releasing cash bail, the Court must determine "who should receive the remittance." *United States v. Ener*, 278 F. Supp. 2d 441, 447 (E.D. Pa. 2003).

Notwithstanding Federal Rule of Criminal Procedure 46(g), 28 U.S.C. § 2044 provides the Government with the following mechanism to assist in the collection of outstanding criminal monetary penalties:

> On motion of the United States attorney, the court shall order any money belonging to and deposited by or on behalf of the defendant with the court for the purposes of a criminal appearance bail bond (trial or appeal) to be held and paid over to the United States attorney to be applied to the payment of any assessment, fine, restitution, or penalty imposed upon the defendant.

28 U.S.C. § 2044. The statute is clear that this mechanism "shall not apply to any third party surety." *Id.*; *see also United States v. Equere*, 916 F. Supp. 450, 452 (E.D. Pa. 1996) (finding that 28 U.S.C. § 2044 "does *not* apply to money owned by a third party"). But Section 2044 otherwise grants courts the power "to transfer bail funds if a defendant's own money has been used to post bond." *Id.*

Demonstrating 28 U.S.C. § 2044's applicability to a defendant's bond requires a showing that (1) the money "has been 'deposited by' the defendant or 'on behalf of the defendant'"; and (2) the "'money belong[s] to' the defendant." *Id.* (quoting 28 U.S.C. § 2044); *see also United States v. Hills*, No. 16-cr-329, 2022 WL 1127888, at *3 (N.D. Ohio Apr. 15, 2022) (same) (quoting *United States v. Hughes*, No. 15-cr-11, 2017 WL 2462725, at *1 (S.D. Tex. June 6, 2017)); *United States v. Arnold*, No. 18-cr-30-1, 2020 WL 957415, at *3 (N.D. Miss. Feb. 27, 2020) (same); *United States v. Harris*, No. 95-cr-180, 1996 WL 291200, at *1 (E.D. La. May 29, 1996) (same). It is the Government's burden to prove by a preponderance of the evidence that the bond security belongs to the defendant and not to a third party. *See, e.g.*, *United States v. Graham*, No. 17 Cir.

663, 2025 WL 3022327, at *5 (S.D.N.Y. Oct. 29, 2025); *Hills*, 2022 WL 1127888, at *3; *United States v. Gonzalez*, No. 11-cr-80211, 2013 WL 654918, at *4 (S.D. Fla. Feb. 21, 2013).

## III. DISCUSSION

The Government seeks to apply $200,000.00 of the Defendant's cash bail towards his outstanding criminal monetary penalties. *See* ECF No. 686. Here, there is no dispute that bail was paid on the Defendant's behalf, but multiple third parties claim ownership of those funds. *See* ECF Nos. 700, 718, 719. Therefore, the issue before the Court is whether the Government has proven by a preponderance of the evidence that the $200,000.00 of cash bail belongs to the Defendant because if bail does, in fact, belong to a third party, it cannot be applied towards payment of the Defendant's criminal monetary penalties and must be remitted to the third party.

### A. The Government Has Proven by a Preponderance of the Evidence that the $100,000.00 of Bail Claimed by Ashok and Nina Anand Belongs to the Defendant.

Ashok and Nina Anand claim that $100,000.00 of the cash bail paid on behalf of the Defendant belongs to and must be remitted to them. *See* ECF Nos. 700 at 2, 718, 719.[2] In

---

[2] The Court emphasizes that the burden rests with the Government to prove by a preponderance that the bail funds belong to the Defendant. But the Court does not ignore the fact that Ashok Anand most recently submitted an incomplete Amended Application. *See* ECF No. 719 at 1. While context from a statement Ashok Anand appended to his submission makes clear that he is requesting the return of $100,000.00, Ashok neglected to fill in the box on the Amended Application indicating how much money he was requesting from the total amount of bail. *Id.* at 1–2. His Amended Application was also not notarized or sworn to or subscribed before the Deputy Clerk. *Id.* at 1. This is significant because the form requires the signatory to "certify" that they are "entitled to the return" of the security and have not assigned it "to anyone for any purpose." *Id.* By affixing a signature, the signatory is also "further certify[ing] that all facts contained herein are true and correct, knowing that any false statements I make subject me to penalties of perjury." *Id.* A few days before filing his Amended Application, Ashok Anand filed his November Application that *was* sworn to and subscribed before the Deputy Clerk, but that incorrectly claimed he was entitled to the return of $200,000.00. *See* ECF No. 718. Ashok Anand was thus aware of the need to have his Amended Application notarized or subscribed to before the Deputy Clerk under penalty of perjury, yet did not adhere to that requirement only a handful of days later. *See* ECF No. 719 at 1.

connection with the pending motions, both Ashok Anand and the Government submitted evidence in support of their competing claims to the bail funds, which consisted of copies of the cashed checks, bank records, and exhibits that were used at the Defendant's trial. The Court has taken all of the evidence under consideration in rendering its decision.

Both the Government and Ashok Anand attached a copy of a check (No. ****792-0) for $100,000.00, which listed Ashok's name and was to be withdrawn from a TD Bank account ending in 1614 (the "1614 Account"). *See* ECF No. 719 at 2, 6; ECF No. 728-1; ECF No. 728-2. Contrary to the Defendant's argument, *see* ECF No. 701 at 2, the fact that Ashok posted the bail funds and that Ashok's name appears on the check to the Clerk of Court does not conclusively establish his ownership of the funds. *See Ener*, 278 F. Supp. 2d at 449 ("[T]he presence of a name at the bottom of a receipt from the Clerk's Office is not necessarily indicative of ownership."); *see also Hills*, 2022 WL 1127888, at *4 ("[E]vidence that an individual brought the cash to the Clerk establishes only that the individual posted the money on behalf of the defendant. It does not establish ownership in the bond money."). Importantly, the 1614 Account was opened by the Defendant on July 15, 2019—only a few months before Ashok Anand withdrew $100,000.00 from it—and was a custodial account held in the name of the Defendant's daughter for her benefit. *See* ECF No. 719 at 3 (denoting the 1614 Account as a Uniform Transfers to Minors Act ("UTMA")-related account); ECF No. 728-3; ECF No. 728 at 4–5.

In addition, the Government submitted evidence from the Defendant's trial demonstrating that the funds in the 1614 Account belonged to the Defendant: on October 1, 2019, the Defendant transferred $1.2 million into the 1614 Account from a different account that he held at TD Bank (the "7033 Account"). *See* ECF No. 728-3; ECF No. 728 at 4–5. Ashok Anand attached TD Bank statements for the periods January 16, 2015 through February 15, 2015, and December 16, 2014

8

through January 15, 2015, which list Ashok, Nina, and Defendant Neil Anand as the holders of the 7033 Account prior to the Defendant's indictment. *See* ECF No. 719 at 4–5. According to Ashok, the 7033 Account was a joint bank account that contained money from "[w]edding and cash gifts, cashed CDs, birthday money, college fees reimbusments [sic], investment and other miscellaneous incomes not related to this court case." *Id.* at 2. Boiled down, Ashok asks the Court to make the following series of inferences: because both Ashok's and the Defendant's names appeared on the 7033 Account in 2014 and 2015, ergo the money in the 7033 Account in 2019 also belonged to him, ergo the $1.2 million transferred into the 1614 Account in 2019 belonged to him, ergo the $100,000.00 of bail posted from the 1614 Account belongs to him. Ashok Anand's argument is unavailing though because he has not provided the Court with any documentation that might indicate specific transactions or amounts of personal funds that belonged to him in the 7033 Account that are traceable to the $100,000.00 of bail that was later withdrawn from the 1614 Account.[3]

In response, the Government points out that TD Bank records show the 7033 Account was originally opened only in the Defendant's name as a personal bank account. *See* ECF No. 728-4. Moreover, the Government highlighted evidence from the Defendant's trial that points to a contrary conclusion about the nature of the funds contained in the 7033 and 1614 Accounts: it was demonstrated at trial that between March 2018 to July 2019, the Defendant deposited over $3 million into the 7033 Account from his business accounts and an account held on behalf of his

---

[3] Moreover, the Defendant claimed in his Response in Opposition to Government's Motion to Apply Cash Bail to Criminal Monetary Penalties that Ashok and Nina Anand "[l]iquidated substantial retirement assets to post bail for the limited purpose of securing pretrial release[,]" but did not provide any evidence to corroborate this assertion. ECF No. 701 at 4. To the contrary, the evidence points to a withdrawal of $100,000.00 from the Defendant's 1614 Account. *See* ECF No. 719 at 2, 6; ECF No. 728-1; ECF No. 728-2. And Ashok Anand made no mention of liquidating retirement assets to post bail in his Amended Application. *See* ECF No. 719 at 2.

minor daughter. *See* ECF No. 728-3; ECF No. 728 at 4–5. Indeed, one of the main theories underlying the charges filed against the Defendant was his amalgamation of hundreds of thousands of dollars in the 7033 Account, and his attempt to obscure the source of those funds when he learned of the government's investigation into his scheme. *See* ECF No. 728-3; ECF No. 728 at 4–5; ECF No. 212 at Count Five ¶¶ 1–5 (describing movement of funds into the 7033 and 1614 Accounts); *Id.* at Counts Six Through Nine ¶ 2 (denoting transfers of over $500,000.00 by the Defendant into the 7033 Account from an IAMS account); *see also* ECF No. 613 at 6–10 (convicting the Defendant of Counts Five through Nine). The trial evidence showed that the Defendant opened the 1614 Account on July 15, 2019, and then transferred $1.2 million into it from the 7033 Account, thereby concealing the proceeds of his illicit scheme. *See* ECF No. 728-3. Furthermore, the Government submitted evidence that Ashok and Nina Anand only made deposits into the 1614 Account in 2020—*after* the Defendant's bail had been posted. *See* ECF No. 728-5; *see also* ECF No. 728 at 5–6.

After considering all of the arguments and evidentiary submissions, the Court finds that the Government has proven by a preponderance of the evidence that the $100,000.00 of bail posted from the 1614 Account belongs to the Defendant, not to Ashok and Nina Anand.[4] Accordingly, the Court will grant the Government's Motion in part (ECF No. 686) as to the $100,000.00 claimed by Ashok and Nina Anand, and allow the Government to apply this portion of the Defendant's cash bail towards payment of his criminal monetary penalties. The Court will also deny Ashok K. Anand's Amended Application (ECF No. 719), deny the November Application (ECF No. 718)

---

[4] Because the Court finds that the Government has met its burden of demonstrating that $100,000.00 of bail belongs to the Defendant, and not to Ashok and Nina Anand, the Court does not address the Defendant's argument that Ashok and Nina Anand's constitutional rights have been violated. *See* ECF No. 699 at 3; ECF No. 701 at 2–3.

submitted by Ashok Anand as moot, and deny the September Request (ECF No. 700 at 2) submitted by Ashok and Nina Anand as moot.

### B. The Institute of Advanced Medicine and Surgery's Claim to $100,000.00 of Bail Is Improperly Before the Court.

The Defendant signed and filed a Request for Return of Cash Bail on behalf of IAMS. *See* ECF No. 700 at 1. The Defendant's Request for Return of Cash Bail was improper because corporate entities, including limited liability companies, must be represented by a licensed attorney when appearing in federal court. *See, e.g.*, *Living Tr. of Lukunda Muhammad v. Shelton*, No. 24-3178, 2025 WL 1409475, at *2 (3d Cir. May 15, 2025) (per curiam) ("It is well settled that 'artificial entities' like corporations . . . 'may appear in the federal courts only through licensed counsel.'" (quoting *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993)); *Dougherty v. Snyder*, 621 F. App'x 715, 716 (3d Cir. 2015) (per curiam) ("[E]ven single-member LLCs . . . may appear in federal court only through counsel."); *Anand v. Indep. Blue Cross*, No. 20-cv-6246, 2021 WL 3128690, at *8 (E.D. Pa. July 23, 2021), *aff'd in part*, *vacated in part*, *remanded on other grounds*, No. 21-2679, 2022 WL 2339476 (3d Cir. June 29, 2022).

To date, no counsel has appeared on behalf of IAMS in connection with the Defendant's Request for Return of Cash Bail. Therefore, the Court will deny without prejudice the Defendant's Request for Return of Cash Bail on behalf of IAMS (ECF No. 700 at 1). Should a licensed attorney appear on IAMS' behalf, counsel may renew the request for return of bail. However, the Court is conscious of the fact that restitution is due immediately and must be complied with promptly. Therefore, should IAMS continue to want to assert ownership over $100,000.00 of the bail funds, licensed counsel must appear on behalf of IAMS and file a renewed request for return of bail on or before **June 29, 2026**. If counsel does not appear on behalf of IAMS and file a renewed request

11

on or before **June 29, 2026**, IAMS will be deemed to have waived any claim of ownership to the $100,000.00 of bail.

In the meantime, the Court will defer ruling on the Government's Motion (ECF No. 686) with respect to the $100,000.00 that was claimed by the Defendant as belonging to IAMS.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant the Government's Motion in part and defer further decision in part. The Court will also deny Ashok K. Anand's Amended Application, deny the November Application submitted by Ashok Anand as moot, and deny the September Request submitted by Ashok and Nina Anand as moot. Finally, the Court will deny without prejudice the Defendant's Request for Return of Cash Bail on behalf of IAMS, which may be renewed by licensed counsel should counsel appear on IAMS' behalf and file a renewed request on or before **June 29, 2026**. Should counsel fail to appear and file a renewed request on behalf of IAMS on or before **June 29, 2026**, IAMS will be deemed to have waived any claim of ownership to the $100,000.00 of bail. Furthermore, the Court will order the Clerk of Court to continue to retain the $200,000.00 of cash bail posted on the Defendant's behalf in its official accounts pending further order from this Court. An appropriate order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**
_____
**CHAD F. KENNEY, JUDGE**