IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 19-518-1 |
| | : | |
| NEIL K. ANAND | : | |
| | : | |

**MEMORANDUM**

KENNEY, J.                                                                                           MARCH 2, 2026

On December 29, 2025, Ashok K. Anand filed a *pro se* Motion for Reconsideration in connection with motion practice relating to the cash bail that was paid on behalf of Defendant Neil K. Anand to secure the conditions of his pretrial release. *See* ECF No. 734.[1] The Government opposes Ashok Anand's Motion for Reconsideration. *See* ECF Nos. 741, 759. For the reasons set forth below, the Court will **DENY** the Motion for Reconsideration (ECF No. 734).

I.    **DISCUSSION**

The Court incorporates its discussion of the relevant background from its December 29, 2025 Memorandum Opinion. *See* ECF No. 732 at 2–5. After the Court issued its decision, Ashok Anand moved for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), Federal Rules of Criminal Procedure 32.2(c) and 41(g), and 21 U.S.C. § 853(n).[2] *See* ECF No. 734 at 1. The

---

[1] Ashok Anand's *pro se* Motion for Reconsideration primarily responds to the Government's December 15, 2025 Response of United States of America to Applications of Ashok K. Anand and Nina Anand for Return of Cash Bail (ECF No. 728), but the Court will liberally construe his *pro se* filing as a Motion for Reconsideration of its December 29, 2025 Memorandum Opinion and Order (ECF Nos. 732, 733). *See, e.g.*, *Gunn v. Credit Suisse Grp. AG*, 610 F. App'x 155, 157 (3d Cir. 2015) (per curiam).

[2] Ashok Anand moved pursuant to multiple rules, but only Federal Rule of Civil Procedure 59(e) has any relevance in connection with the motions for return of cash bail. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Federal Rule of Criminal Procedure 32.2(c) and 21 U.S.C. § 853(n) concern criminal

Government filed response briefs. *See* ECF Nos. 741, 759. The Motion for Reconsideration is now before this Court.

While not specifically addressed in the Federal Rules of Criminal Procedure, "motions for reconsideration may be filed in criminal cases," and courts generally apply the same standards as those used in the civil context. *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003); *see also United States v. Hill-Johnson*, 806 F. App'x 114, 119 (3d Cir. 2020). Motions for reconsideration are intended "to correct manifest errors of law or fact or to present newly discovered evidence." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (internal quotations and citation omitted). "A proper Rule 59(e) motion" relies on "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Id.* While the Third Circuit has declined to define precisely what constitutes a "clear error of law or fact" or "manifest injustice," it has suggested that a district court must commit "a direct, obvious, [or] observable error" and "the focus is on the gravity and overtness of the error." *In re Energy Future Holdings Corp.*, 904 F.3d 298, 311–12 (3d Cir. 2018) (internal quotations and citation omitted). "Rule 59(e) motions . . . may not be used to relitigate old matters or to present evidence that could have been offered earlier." *Stephens v. Jerejian*, 655 F. App'x 64, 65 (3d Cir. 2016) (per curiam); *see also Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (explaining that "[t]he scope of a motion for reconsideration . . . is extremely limited" and is not "an opportunity to relitigate the case"). A "mere disagreement" with a court's prior decision

---

forfeiture. *See* Fed. R. Crim. P. 32.2(c) (discussing ancillary proceedings and entry of a final order of forfeiture); 21 U.S.C. § 853(n) (discussing procedures for third party interests in property after the entry of an order of forfeiture). Federal Rule of Criminal Procedure 41(g) concerns motions for the return of property that the Government has seized during an "unlawful search and seizure." *See* Fed. R. Crim. P. 41(g).

"is not grounds for reconsideration." *United States v. Cephalon, Inc.*, 159 F. Supp. 3d 550, 555 (E.D. Pa. 2016) (internal quotations and citation omitted).

In his Motion for Reconsideration, Ashok Anand does not contend that there was a change in the law or that he desires to present newly discovered evidence. Instead, Ashok's position is that the Court's denial of his request for return of $100,000.00 of cash bail "constitutes clear error and works manifest injustice." ECF No. 734 at 4. While Ashok asserts a number of arguments in his Motion for Reconsideration and submits additional evidence, he fails to establish that there was a clear error or manifest injustice that needs to be corrected with respect to the Court's December 29, 2025 Order.

First, Ashok argues that the Government does not have the authority to pursue criminal forfeiture of a third party's property. *Id.* at 4–5. But this is not a criminal forfeiture proceeding, so the forfeiture provisions and standards are inapplicable. The Government moved to apply the Defendant's cash bail towards payment of his criminal monetary penalties pursuant to 28 U.S.C. § 2044. *See* ECF No. 686. Section 2044 does not require the Government to demonstrate that the Defendant's cash bail consisted of proceeds derived from his criminal conduct. As the Court previously explained, Section 2044 only requires the Government to prove by a preponderance of the evidence that "(1) the money 'has been "deposited by" the defendant or "on behalf of the defendant'"; and (2) the '"money belong[s] to" the defendant.'" ECF No. 732 at 6 (quoting *United States v. Equere*, 916 F. Supp. 450, 452 (E.D. Pa. 1996)). The Court found that the Government had met its burden, *see id.* at 10, and Ashok's Motion for Reconsideration does not demonstrate a clear error that requires disturbing the Court's prior Order.

Second, Ashok argues that the 1614 Account is a custodial account for the benefit of the Defendant's daughter, and that the Defendant's name is neither on the account, nor does the

3

Defendant have any legal interest in it.  ECF No. 734 at 5.  Ashok also contends once again that the $100,000.00 of cash bail is his property and came from deposits in the 7033 Account that he jointly had ownership of, which were later transferred to the 1614 Account.  *Id.*  On a motion for reconsideration, Ashok may not "relitigate" issues that have already been decided.  *Blystone*, 664 F.3d at 415.  Regardless of whose name appears on the 1614 Account, as the Court previously found, the Government's evidence demonstrated that the $1.2 million that was transferred into the 1614 Account—and formed the basis of the Defendant's cash bail—was attributable to the Defendant as part of an attempt to conceal and obscure the nature, source, and ownership of the proceeds of his illicit health care fraud scheme.  *See* ECF No. 732 at 8–10; *see also* ECF No. 759 at 4, 9; ECF No. 741 at 6, 8; ECF No. 728 at 4–5; ECF No. 728-3.  Indeed, the jury convicted the Defendant precisely of this theory.  *See* ECF No. 732 at 9–10; ECF No. 759 at 4; ECF No. 728 at 4–5.  And, as the Government points out, the fact that the funds were placed in a custodial account for the Defendant's daughter did not stop Ashok and the Defendant from thereafter using those funds on the Defendant's behalf to pay his cash bail.  ECF No. 759 at 6.

Third, Ashok contends that the 7033 Account contained "legitimate funds," and is a joint bank account with the result that the funds in the 7033 Account are "the property of all joint owners, regardless of which owner made the deposit."  ECF No. 734 at 5 (citing 20 Pa.C.S.A. § 6304(b)).  While Ashok does not fully substantiate this assertion, he claims that there was $894,798.92 in the 7033 Account "before any alleged fraud began" and over $1.5 million in "total documented legitimate deposits," *id.* at 6 (emphasis omitted), and he attached additional evidence to his Motion for Reconsideration in support of these contentions.  *See id.* at 15–17, 20–28.  According to Ashok, because the 7033 Account consisted of commingled funds, the Government was required to "trace the specific forfeitable dollars" to criminal proceeds.  *Id.* at 7.  As to the

4

1614 Account, Ashok further argues that the 1614 Account "contains only legitimate funds with no connection to alleged criminal activity," and that the Government failed to "establish any nexus between" that account and the Defendant's criminal conduct. *Id.* at 6 (emphasis omitted).

The Court takes this set of arguments in turn. Regarding Ashok's argument that the funds in the 7033 Account are "joint property owned equally by all account holders," *id.* at 5, the statutory provision that Ashok cites to concerns the right of survivorship for "any sum remaining on deposit" in a trust account "[a]t the death of the trustee or the survivor of two or more trustees," and is thus inapplicable. 20 Pa.C.S.A. § 6304(b). Instead, the Government contends that 20 Pa.C.S.A. § 6303(a) governs, which provides that "[a] joint account belongs, during the lifetime of all parties, to the parties *in proportion to the net contributions by each to the sum on deposit*, unless there is clear and convincing evidence of a different intent." ECF No. 759 at 8 (quoting 20 Pa.C.S.A. § 6303(a) (emphasis added)); *see also Deutsch, Larrimore & Farnish, P.C. v. Johnson*, 848 A.2d 137, 140, 143 (Pa. 2004); *McDaniels v. Rutter*, 262 A.3d 600, 604 (Pa. Super. Ct. 2021). With respect to the proportionality of the funds in the 7033 Account, as the Court already found, the Government's evidence demonstrated that the vast majority of funds in the 7033 Account were attributable to the Defendant; indeed, between March 2018 to July 2019, he deposited over $3 million into the 7033 Account from his business accounts and an account held on his daughter's behalf. *See* ECF No. 732 at 9–10; *see also* ECF No. 759 at 4, 7; ECF No. 728 at 4–5; ECF No. 728-3.

Regarding Ashok's additional evidentiary submissions and his claim that the 7033 and 1614 Accounts contained legitimate funds, nowhere does Ashok argue that the additional evidence is newly discovered or was not available to him before the Court issued its December 29, 2025 decision. *See United States v. Britton*, No. 21-1728, 2021 WL 4439248, at *1 (3d Cir. Sept. 28,

2021) (per curiam).  In the context of a reconsideration motion, "new evidence . . . means evidence that a party could not earlier submit to the court because that evidence was not previously available."  *Blystone*, 664 F.3d at 415–16 (internal quotations and citation omitted).  And "[e]vidence that is not newly discovered, as so defined, cannot provide the basis for a successful motion for reconsideration."  *Id.* at 416; *see also Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) ("Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration.").  Accordingly, the Court is not obligated to consider Ashok's additional evidence of purportedly legitimate deposits because there is no indication as to why this evidence could not have been presented earlier.

Nevertheless, even if the Court were to take this evidence under consideration, it would not change the Court's earlier determination that the Government established by a preponderance of the evidence that the $100,000.00 of cash bail claimed by Ashok and Nina Anand belongs to the Defendant.  Ashok has shown only the following additional facts:

- Between April 16, 2015 to May 15, 2015, the 7033 Account contained over $500,000 in total deposits;

- $40,921.15 was deposited on October 29, 2016 into the 7033 Account;[3]

- $10,307.87 was deposited on October 29, 2016 into an account ending in -0601;[4]

- $30,613.28 was deposited on October 29, 2016 into an account ending in -0619;[5]

---

[3] This check does not appear to contain Ashok's signature and rather than stating Ashok's name, the check lists "Anand" and what appears to be an "f", *see* ECF No. 734 at 21.  Ashok represents that the check is purportedly "from a CD owned by Ashok and Nina Anand."  *Id.* at 3.

[4] This check contains Ashok's signature and appears to be in the name of the "Anand Family." ECF No. 734 at 22.

[5] This check also contains Ashok's signature and appears to be in the name of the "Anand Family." ECF No. 734 at 23.

- $70,000.00 was made out to the Defendant on November 17, 2015;

- $16,881.37 was made out to the Defendant on June 22, 2018; and

- $60,000.00 was made out to the Defendant on June 17, 2015.

*See* ECF No. 734 at 16–17, 21–28.[6]  At best, Ashok has shown that three deposits from 2016 may have been attributable to him, only one of which appears to have been made into the 7033 Account. *Id.* at 21–23.  Meanwhile, as explained above and in the Court's prior decision, the Government's evidence established that millions of dollars in the 7033 Account were attributable to the Defendant.  *See* ECF No. 732 at 9–10; *see also* ECF No. 759 at 9; ECF No. 728 at 4–5; ECF No. 728-3.  Simply put, Ashok's additional evidence does not establish that there was a clear error or manifest injustice that needs to be corrected with respect to the Court's December 29, 2025 Order.

Regarding Ashok's argument that the Government was required to show a "nexus" between the 7033 and 1614 Accounts and the Defendant's criminal proceeds, *see* ECF No. 734 at 6, Ashok overstates the Government's burden.  Section 2044 only requires the Government to demonstrate by a preponderance of the evidence that the $100,000.00 of cash bail belonged to the Defendant.  *See* ECF No. 732 at 6.  The Government was not obligated to establish that the bail funds specifically consist of proceeds from the Defendant's criminal offense.  *See United States v. Bell*, No. 20-cr-2887-WQH, 2025 WL 319241, at *5 (S.D. Cal. Jan. 21, 2025).

Fourth, Ashok argues that the proper procedures for the return of property were not followed under Federal Rule of Criminal Procedure 41(g) and 21 U.S.C. § 853(n).  ECF No. 734 at 9.  Ashok does not explain why he did not previously raise this argument in connection with his motions for the return of cash bail.  *Blystone*, 664 F.3d at 415.  In any event, these provisions are

---

[6] Ashok provided a list of "[a]dditional legitimate deposits," such as "miscellaneous income," but did not submit evidence accounting for all of these amounts.  *See* ECF No. 734 at 3.

inapplicable because the Government is neither seeking criminal forfeiture of the Defendant's cash bail, nor did the Government obtain the cash bail pursuant to an unlawful search and seizure. Rather, checks were submitted to the Clerk of the Court on behalf of the Defendant to secure the conditions of his pretrial release. *See* ECF No. 732 at 3. The Defendant was convicted over the course of a multi-day jury trial, and the Government later moved to apply the Defendant's cash bail towards payment of his criminal monetary penalties under 28 U.S.C. § 2044, as the statute permits the Government to do. *See* ECF No. 686 at 2.[7] After the Defendant surrendered to federal custody to serve his term of imprisonment, the Court found that the Government proved by a preponderance of the evidence that the $100,000.00 of cash bail that was claimed by Ashok and Nina Anand belongs to the Defendant and thus could be applied to pay his criminal debts. *See* ECF No. 732 at 10. Therefore, the proper procedures were followed.[8]

---

[7] Ashok also contends that it is improper to use "bail funds to satisfy a criminal judgment" when the conditions securing pretrial release have been fulfilled. ECF No. 734 at 9. But Congress has spoken directly on this issue and has determined that bail funds *can* be applied to satisfy criminal penalties. *See* 28 U.S.C. § 2044.

[8] In addition, Ashok argues that the Due Process Clause prohibits the Government from depriving him of his property without notice and a hearing. *See* ECF No. 734 at 8. Ashok has received adequate notice of the Government's request to apply the Defendant's cash bail towards payment of his criminal penalties, as is evidenced by the multiple motions for return of surety that Ashok and the Defendant filed, and Ashok's filing of the instant Motion for Reconsideration. *See* ECF No. 700 at 2; ECF No. 718; ECF No. 719; ECF No. 734.

**As the Court pointed out in its December 29, 2025 Memorandum Opinion, Ashok has failed to file a completed application for the return of bail that (1) has been notarized, or been sworn to or subscribed before the Deputy Clerk under penalty of perjury; and (2) contains the correct amount of bail that he purports belongs to him. *See* ECF No. 732 at 7 n.2. That is a fatal flaw that Ashok has taken no steps to remedy. In the absence of such an application, the Court declines to order a hearing based on the record before the Court.**

The Defendant originally represented to the Court that Ashok and Nina Anand "[l]iquidated substantial retirement assets to post bail" for the Defendant. ECF No. 701 at 4. Ashok did not corroborate this assertion anywhere in his briefing; instead, he claimed that the bail came from the 1614 Account, which "include[d] [a] transfer of" funds from the joint 7033 Account. ECF No. 719 at 2. Ashok now contends *for the first time* that the $1.2 million that was transferred to the

8

\* \* \*

On December 29, 2025, the Court denied Ashok's motions for the return of cash bail, and granted in part the Government's motion to apply the Defendant's cash bail towards payment of his criminal monetary penalties as to the $100,000.00 of bail claimed by Ashok and Nina Anand because the Court found that those funds belong to the Defendant.[9] "Reconsideration remains a

---

1614 Account "represented a distribution of Ashok's ownership share from the jointly-owned account—a legitimate reallocation of joint family property." ECF No. 734 at 3. Yet as explained above, in Pennsylvania, "[a] joint account belongs, during the lifetime of all parties, to the parties *in proportion to the net contributions by each to the sum on deposit*," and there is no indication that Ashok deposited significant sums into the 7033 Account. 20 Pa.C.S.A. § 6303(a) (emphasis added). To the contrary, the Government's evidence demonstrated that the vast majority of funds in the 7033 Account were attributable to the Defendant. *See* ECF No. 732 at 9–10; ECF No. 759 at 4; ECF No. 741 at 6; ECF No. 728 at 4–5. Even accepting Ashok's additional evidence that he signed on as the custodian of the 1614 Account and initiated the transfer of $1.2 million from the 7033 Account to the 1614 Account, *see* ECF No. 734 at 14, 30, that does not change the jury's conclusion that those funds belong to the Defendant.

If the Court were to order a hearing, the Court would assess Ashok's credibility and, based on the submissions and statements that have been made to date, the Court has serious concerns about his credibility and about providing a soapbox upon which to relitigate the trial evidence. As explained above, the only evidence that Ashok has provided as to an actual deposit into the 7033 Account appears to be one 2016 deposit for the Anand family that does not even contain Ashok's signature. *See supra* at 6–7 & 6 n.3. Ashok has had an opportunity to be heard on his request for the return of bail; indeed, the Court has decided to construe his Motion for Reconsideration as if it were filed in connection with the Court's December 29, 2025 Order, rather than the Government's December 15, 2025 response brief, and to consider the additional arguments that Ashok has made.

**At this time, the Court is unwilling to order a hearing in the absence of Ashok's proper completion of a signed application that (1) has been notarized, or been sworn to or subscribed before the Deputy Clerk under penalty of perjury; and (2) includes the correct amount of bail that Ashok purports belongs to him, especially given the evidence provided by the Government as to the nature of the 1614 Account and the submissions in the record.**

Finally, Ashok's invocation of the innocent owner defense under 21 U.S.C. § 853(n) is inapposite because this is not a criminal forfeiture proceeding.

[9] The Court deferred ruling in part on the Government's Motion (ECF No. 686) as to the $100,000.00 of cash bail that the Defendant attempted to claim on behalf of his company, the Institute of Advanced Medicine and Surgery, LLC ("IAMS"), to allow IAMS time to retain counsel. ECF No. 732 at 11–12.

9

form of relief generally reserved for extraordinary circumstances." *In re Energy Future Holdings Corp.*, 904 F.3d at 316 (internal quotations and citation omitted). Because there was no clear error or manifest injustice with respect to the Court's December 29, 2025 Order, the Court will deny Ashok's Motion for Reconsideration (ECF No. 734).

## II.   CONCLUSION

For the foregoing reasons, the Court will deny the Motion for Reconsideration (ECF No. 734). An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**