**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 19-518-1** |
| | : | |
| **NEIL K. ANAND** | : | |
| | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                 **APRIL 29, 2026**

Before this Court is Defendant's *Pro Se* Motion for Release of Records (the "Motion").

*See* ECF No. 780.  For the reasons set forth below, the Court will **DENY** Defendant's Motion

(ECF No. 780).

I.    **DISCUSSION**

Defendant previously filed a notice of appeal from his conviction and sentence, which is

pending before the Third Circuit.  *See* ECF Nos. 697, 705; *see also United States v. Anand*, Nos.

25-2804 & 25-2902 (3d Cir.).  Several months after he filed his notice of appeal, Defendant filed

this *Pro Se* Motion for Release of Records, in which he requests that the Court order the

Government to produce certain documents related to evidence that was used at his trial, so that he

can "prepare [his] pending appeal in the Third Circuit."  *See* ECF No. 780 at 1.  In support of his

Motion, Defendant proffers three paths by which he is allegedly entitled to the sought after post-

conviction discovery.  *Id.* at 2–3.  For the following reasons, the Court will deny Defendant's

Motion.

First, Defendant asserts in a conclusory fashion that the Court has jurisdiction to order his

requested relief because his appeal is still in the "[p]re-[b]riefing" stage.  *Id.*

Defendant ignores that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *see also United States v. Batka*, 916 F.2d 118, 120 (3d Cir. 1990) (same). Defendant is requesting post-conviction discovery into evidence that was used at his trial and that pertains to his conviction. The Court does not have jurisdiction to order the requested relief while Defendant's appeal is pending. *See, e.g.*, *United States v. Flamer*, No. 08-1421, 2009 WL 237084, at *2 (3d Cir. Feb. 3, 2009) (finding that a district court "correctly denied [a defendant's] motion for Jencks Act and other discovery material" where the "motion was submitted after [the defendant] filed his notice of appeal of his conviction and sentence, at which time the District Court lost jurisdiction over matters pertaining to the conviction"); *United States v. Cammarata*, No. 22-cr-0639, 2024 WL 3824024, at *2 (D.N.J. Aug. 15, 2024) ("The Court lost jurisdiction over matters pertaining to Defendant's conviction once this appeal was filed." (collecting cases)); *United States v. Chan*, No. 16-cr-10268, 2020 WL 9256603, at *2 (D. Mass. Nov. 25, 2020) (denying for lack of jurisdiction defendants' motion for discovery of grand jury evidence while defendants' case was on appeal and where "[d]efendants offered no explanation as to how the discovery would aid the district court, [] no issues remained before the court at the time the motion was filed that related to this discovery[, and] [d]efendants also offered no authority for the district court to order post-trial discovery to aid the Court of Appeals").

Second, Defendant argues that Federal Rule of Criminal Procedure 16(a)(1)(E) requires the Government to allow him "to inspect documents and data within its possession that are material to preparing the defense." *See* ECF No. 780 at 23. According to Defendant, "this obligation extends to materials [that are] material to preparing an appeal." *Id.*

2

This argument, too, fails because it is well-established that "Rule 16 governs only *pretrial* discovery." *United States v. Deaner*, 1 F.3d 192, 199 (3d Cir. 1993) (emphasis added); *see also United States v. Nobles*, 422 U.S. 225, 235 (1975) ("Both the language and history of Rule 16 indicate that it addresses only pretrial discovery."). Therefore, the parties' continuing duty to disclose "evidence or material" under Rule 16(c) ended after Defendant's conviction. *See* Fed. R. Crim. P. 16(c) ("A party who discovers additional evidence or material *before or during trial* must promptly disclose its existence" (emphasis added)); *see also United States v. Astacio-Espino*, No. 12-cr-200, 2017 WL 11527889, at *2 (D.P.R. Feb. 13, 2017) (explaining that "the Federal Rules of Criminal Procedure do not provide defendants with a right to post-conviction discovery" (collecting cases)); *United States v. Jeffries*, No. 07-cr-56, 2010 WL 785355, at *1 (W.D.N.C. Mar. 4, 2010, *aff'd*, 382 F. App'x 283 (4th Cir. 2010) ("Rule 16 does not create any duty on the part of the Government to engage in post-conviction discovery.").

Third, Defendant asserts that the Government's "*Brady* production obligations . . . are continuing in nature" and that "*Brady* obligations do not end at conviction." ECF No. 780 at 23. Defendant thus argues that he is entitled to receive "complete audit logs, chain of custody documentation, and any FRE 902(11) certifications or their documented absence" because they "are all *Brady* material." *Id.* Moreover, Defendant argues that *Brady* "requires disclosure of all evidence favorable to the accused that is material to guilt or punishment[,]" and the documents he is requesting are both "material" and "favorable." *Id.*

Ultimately, the Court need not determine whether the requested documents consist of *Brady* material or whether there was a *Brady* violation because, as explained above, the Court does not have jurisdiction to order the requested relief or to evaluate whether a *Brady* violation occurred in connection with the instant Motion. Furthermore, the *Brady* doctrine is not intended to serve as

a general post-trial discovery mechanism; nor does it permit convicted defendants to embark on fishing expeditions. *Cf. United States v. Merlino*, 349 F.3d 144, 154 (3d Cir. 2003).  As the United States Supreme Court has observed, "nothing in our precedents suggested that [the *Brady*] disclosure obligation continued after the defendant was convicted and the case was closed." *Dist. Attorney's Off. for the Third Jud. Dist. v. Osborne*, 557 U.S. 52, 68 (2009), [hereinafter *Osborne*]; *see also Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to discovery in a criminal case, and *Brady* did not create one"); *Skinner v. Switzer*, 562 U.S. 521, 536 (2011) ("*Brady* announced a constitutional requirement addressed first and foremost to the prosecution's conduct *pretrial*." (emphasis added)).  In addition, the Third Circuit has interpreted *Osborne* to reject the conclusion that "the principles of *Brady* . . ., which require disclosure of material exculpatory evidence to a defendant before trial, apply" in the post-conviction context. *Twillie v. Foulk*, 360 F. App'x 301, 304 (3d Cir. 2010); *see also Estrada v. Healey*, 647 F. App'x 335, 338 (5th Cir. 2016), *cert. denied*, 580 U.S. 896 (2016) (explaining that *Osborne* "explicitly declined to extend *Brady*'s pre-trial protections to the post-conviction context"); *Tevlin v. Spencer*, 621 F.3d 59, 70 (1st Cir. 2010) ("[T]he Supreme Court has explicitly rejected *Brady*'s applicability to postconviction proceedings.").

Accordingly, because none of Defendant's three proffered paths provide an avenue for his requested relief, the Court will deny Defendant's Motion.[1]

## II.    **CONCLUSION**

For the foregoing reasons, Defendant's Motion (ECF No. 780) is denied.  An appropriate Order will follow.

---

[1] Finally, the Court notes that Defendant has retained appellate counsel.  The record—including any discovery produced by the Government before and/or during Defendant's trial—is available to appellate counsel to review.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**