**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 19-518-1** |
| | : | |
| **NEIL K. ANAND** | : | |
| | : | |

**MEMORANDUM**

**KENNEY, J.** **SEPTEMBER 16, 2026**

Before the Court is the Government's Motion of United States of America to Pay Criminal Monetary Penalties with Bail Deposit (the "Motion") (ECF No. 686). For the reasons set forth below, the Court will **GRANT** the Government's Motion (ECF No. 686) as to the $100,000.00 of bail remitted by the Institute of Advanced Medicine and Surgery ("IAMS"), which the Court previously deferred ruling on. *See* ECF Nos. 732, 733. The Court will allow the Government to apply this portion of bail towards payment of Defendant's criminal monetary penalties, in addition to the portion that the Court previously ruled upon.

## I. BACKGROUND

On October 1, 2019, $200,000.00 in cash bail was posted on behalf of Defendant across two checks to secure the conditions of his pretrial release: one check for $100,000.00, dated October 1, 2019, was made out by Defendant's father, Ashok K. Anand; and the other check for $100,000.00, dated September 30, 2019, was made out by Defendant's company, IAMS. *See* ECF No. 732 at 3; *see also* ECF No. 815-1; ECF No. 728-1 at 1–2. Prior to sentencing, the Government filed a Motion of United States of America to Pay Criminal Monetary Penalties with Bail Deposit, pursuant to 28 U.S.C. § 2044. *See* ECF No. 686. Several *pro se* applications and requests for

return of Defendant's bail followed from Defendant and from his parents, Ashok and Nina Anand. *See* ECF Nos. 700, 718, 719.

On December 29, 2025, the Court issued a Memorandum Opinion (ECF No. 732) addressing these motions, which the Court incorporates herein. Specifically, the Court granted in part the Government's Motion as to the $100,000.00 that Ashok and Nina Anand purported to claim, holding that the Government had met its burden of proving by a preponderance of the evidence that these funds belong to Defendant. *See* ECF No. 732 at 2, 7–11; *see also* ECF Nos. 773, 774 (denying Ashok Anand's Motion for Reconsideration of the Court's decision). In addition, the Court denied without prejudice Defendant's *pro se* Request for Return of Cash Bail on behalf of his company, IAMS, on the basis that corporate entities must be represented by licensed attorneys when appearing in federal court. *See* ECF No. 732 at 11. The Court indicated that IAMS' request could be renewed by licensed counsel, should counsel appear on behalf of IAMS and renew the request on or before June 29, 2026. *Id.* However, the Court also cautioned that, if counsel failed to appear on behalf of IAMS and to renew the request for return of bail on or before June 29, 2026, IAMS would be deemed to have waived any claim of ownership over the remaining $100,000.00 of bail. *Id.* at 11–12. Therefore, the Court deferred ruling on the Government's Motion as to the $100,000.00 of bail that Defendant attempted to claim on behalf of IAMS. *Id.* at 12. A review of the docket reveals that, to date, no licensed attorney has appeared on behalf of IAMS or renewed an application for the return of bail.

On July 23, 2026, the Court ordered the Government to file a supplemental brief providing any additional evidentiary information that the Government has as to the source and ownership of the portion of bail remitted by IAMS, and/or identifying in the trial record any evidence indicating whether this portion of bail belongs to Defendant. *See* ECF No. 812. In response to the Court's

Order, on August 3, 2026, the Government filed a Supplemental Memorandum in Support of Motion to Apply Cash Bail (the "Supplemental Memorandum"). *See* ECF No. 815. The Government attached bank records to its Supplemental Memorandum, which show that the $100,000.00 of bail remitted by IAMS by means of a cashier's check was sourced by Nina Anand from three different bank accounts, one of which was owned by Atlantic Health Care PLLC and two of which were owned by IAMS. *Id.* at 3.

On August 24, 2026, Defendant filed a *pro se* Response to the Government's Supplemental Memorandum (the "Response"). *See* ECF No. 822. In his Response, Defendant requests that the Court stay the Government's request to apply cash bail from IAMS towards the payment of his criminal monetary penalties until the Government has complied with his separate Freedom of Information Act ("FOIA") requests in other matters. *See id.* at 1–2. Moreover, Defendant contends that IAMS "needs return of the cash bail to obtain an attorney and/or retain a law firm[,]" and "confiscation of [the] funds posted by [IAMS] . . . would cause irreparable harm to the company." *Id.* at 1.

## II. <u>DISCUSSION</u>

As an initial matter, no counsel appeared on behalf of IAMS, nor did IAMS renew a request for the return of the $100,000.00 of bail, within the six-month period that the Court set for asserting ownership over the funds. *See* ECF No. 732 at 11–12. The Court also made it abundantly clear that if IAMS did not renew a request for the return of that portion of bail, IAMS would be deemed to have waived any claim of ownership over it. *Id.*; *see also* ECF No. 733 ¶ 2. Since it has only recently come to light that money for the cashier's check remitted by IAMS was also withdrawn from an account in the name of Atlantic Health Care PLLC—another company associated with Defendant and his family—the Court did not expressly state in its prior Memorandum and

accompanying Order that waiver applied to Atlantic Health Care PLLC. However, the Court finds that Defendant nonetheless had notice that the Court was setting a six-month deadline for asserting ownership over the remaining portion of bail based on its December 29, 2025 Memorandum and Order. *See* ECF Nos. 732, 733; *see also* ECF No. 773 at 9 n.9 (reiterating that the Court was giving IAMS a period of "time to retain counsel"). In issuing its decision, the Court explained that it was "conscious of the fact that restitution is due immediately and must be complied with promptly." ECF No. 732 at 11. Accordingly, the Court imposed a six-month deadline to avoid a situation where a criminal defendant indefinitely ties up bail funds to impede the full satisfaction of restitution. Having now passed the six-month deadline that the Court set, the Court finds that both IAMS and Atlantic Health Care PLLC have waived any claim of ownership over the remaining $100,000.00 of bail.[1]

In any event, even if counsel had appeared on behalf of IAMS or Atlantic Health Care PLLC, the Government has met its burden of demonstrating that the $100,000.00 of bail remitted by IAMS should be applied towards payment of Defendant's criminal monetary penalties. As the Court previously explained, pursuant to 28 U.S.C. § 2044, the Government is permitted to seek an order that "any money belonging to and deposited by or on behalf of the defendant with the court for the purposes of a criminal appearance bail bond . . . be held and paid over to the United States attorney to be applied to the payment" of any criminal monetary penalties imposed on a defendant.

---

[1] In his Response, Defendant contends that IAMS "needs return of the cash bail to obtain an attorney and/or retain a law firm[,]" and "confiscation of [the] funds . . . would cause irreparable harm to the company." ECF No. 822 at 1. However, as the Court previously explained, IAMS can only appear in federal court through licensed counsel, not through Defendant. *See* ECF No. 732 at 11. Regardless, even if the Court were to consider this argument, for the reasons discussed herein, the Court finds that the Government has met its burden of demonstrating that the $100,000.00 of bail belongs to Defendant. *See infra* at 5–8. Therefore, there is no support for Defendant's bare assertion that IAMS will be "irreparabl[y] harm[ed]." ECF No. 822 at 1.

*See* 28 U.S.C. § 2044; *see also United States v. Sortini*, 497 F. App'x 738, 739 (9th Cir. 2012) ("[A]bsent an order from the district court releasing a bond, the bond remains available for purposes of section 2044."). "Section 2044 codifie[d] the discretion courts have long exercised, to pay, on a proper motion, bond or bail money to the parties with a legally established superior claim to it." *United States v. Higgins*, 987 F.2d 543, 546 n.3 (8th Cir. 1993) (collecting cases). This mechanism "shall not apply to any third party surety[,]" *see* 28 U.S.C. § 2044, but the statute otherwise authorizes a district court "to transfer bail funds if a defendant's own money has been used to post bond." *United States v. Equere*, 916 F. Supp. 450, 452 (E.D. Pa. 1996). Demonstrating Section 2044's applicability to a defendant's bond requires the Government to prove by a preponderance of the evidence that (1) the money "has been 'deposited by' the defendant or 'on behalf of the defendant'"; and (2) the "'money belong[s] to' the defendant." *Id.* (quoting 28 U.S.C. § 2044); *see also* ECF No. 732 at 6–7 (collecting cases).

As to the first prong, the record reflects that the bail funds were deposited with the Clerk of Court "on behalf of the defendant" to secure the conditions of his pretrial release. 28 U.S.C. § 2044; *see also* ECF No. 815-1; ECF No. 815-2 at 5; ECF No. 728-1 at 1–2. As to the second prong, the main inquiry before the Court is whether the Government has proven by a preponderance of the evidence that the $100,000.00 of bail that was remitted by IAMS "belong[s] to" Defendant. 28 U.S.C. § 2044.

In its Supplemental Memorandum, the Government argues that "[t]he evidence here shows that, although held in accounts in the names of entities the defendant owned and/or controlled, the bail deposit was paid with funds that belonged to the defendant." ECF No. 815 at 5. The September 30, 2019 cashier's check that was deposited with the Clerk of Court indicates that $100,000.00 was being remitted by IAMS. *See* ECF No. 815-1 at 1; *see also* ECF No. 815-2 at 5;

ECF No. 728-1 at 1–2. However, as the Court previously explained, the fact that a name appears on the check to the Clerk of Court does not conclusively establish ownership of the funds. *See* ECF No. 732 at 8 (first citing *United States v. Ener*, 278 F. Supp. 2d 441, 449 (E.D. Pa. 2003); then citing *United States v. Hills*, No. 16-cr-329, 2022 WL 1127888, at *4 (N.D. Ohio Apr. 15, 2022)). The Government has now presented evidence indicating that the $100,000.00 from the cashier's check was withdrawn by Nina Anand from three different bank accounts, two of which were owned by IAMS and one of which was owned by Atlantic Health Care PLLC. *See* ECF No. 815 at 3; *see also* ECF No. 815-2 at 2–4. Both corporate entities are associated with Defendant and his family.

The Government also points the Court to the trial evidence, which showed that Defendant "transferred the proceeds of his fraud among multiple personal and business accounts" to conceal the proceeds of his offenses. ECF No. 815 at 6 (citing ECF No. 815-4).[2] Indeed, the Court previously noted that "it was demonstrated at trial that between March 2018 to July 2019, the Defendant deposited over $3 million into the 7033 Account from his business accounts and an account held on behalf of his minor daughter." ECF No. 732 at 9–10 (citing ECF No. 728-3; ECF

[2] In his Response, Defendant argues that the Government's slide (ECF No. 815-4) lists funds that were "unrelated to the charged conduct." ECF No. 822 at 1. Although it is unclear from his Response, Defendant appears to be arguing that the Government was required to connect all the funds in the accounts listed in ECF No. 815-4 to Defendant's criminal offense. As the Court previously noted in its March 2, 2026 Memorandum when Ashok Anand raised a similar argument, Section 2044 only requires the Government to demonstrate by a preponderance of the evidence that the cash bail that was paid on behalf of Defendant belongs to Defendant. *See* ECF No. 773 at 7. The Government is not obligated to establish that the bail funds consist of proceeds from Defendant's criminal offense. *Id.*; *see also United States v. Bell*, No. 20-cr-2887, 2025 WL 319241, at *5 (S.D. Cal. Jan. 21, 2025) (overruling an objection from the defendant that the bond funds needed to be traceable to his criminal offense); *cf. United States v. Shkreli*, 47 F.4th 65, 71 (2d Cir. 2022) ("The [Mandatory Victims Restitution Act] expressly states that criminal restitution orders may be enforced against '*all* property or rights to property[]'" (quoting 18 U.S.C. § 3613(a)) (emphasis in original)); *United States v. Berger*, 574 F.3d 1202, 1205 (9th Cir. 2009) (same).

No. 728 at 4–5). This includes deposits from two IAMS bank accounts ending in -4954 (the "4954 Account") and -5162 (the "5162 Account") from which the funds for bail were drawn. *See* ECF No. 815-4; *see also* ECF No. 815-2 at 3–4. Accordingly, the Government argues that the evidence "supports the conclusion that the defendant treated his business accounts and personal accounts the same, and the bail paid from IAMS' accounts belong[s] to the defendant." ECF No. 815 at 6.

With respect to the account ending in -0027 that is owned by Atlantic Health Care PLLC (the "0027 Account"), the Government argues that the "same rationale" applies. *Id.* In other words, the Government's position is that Defendant likewise was treating that account and his other business accounts as one and the same. Bank records show that Nina Anand and Defendant both had access to the 0027 Account. *See* ECF No. 815-5. As with Defendant's other business accounts, the Government contends that there is evidence that funds were transferred from IAMS' business accounts to the 0027 Account held by Atlantic Health Care PLLC. *See* ECF No. 815 at 7. For example, the Government notes that one such transfer of $30,000 from IAMS' 5162 Account to Atlantic Health Care PLLC's 0027 Account occurred on "the same day the [D]efendant transferred $1.2 million from his personal account at TD Bank (No. ****7033) and opened the UTMA account at TD Bank (No. ****1614) for the benefit of his minor child." *Id.* at 7 n.2; *see also* ECF No. 815-6 at 1. As the Court noted before, the vast majority of funds that were in the 7033 Account were attributable to Defendant and connected to large deposits from his business accounts. *See* ECF No. 732 at 9–10; *see also* ECF No. 815-4; ECF No. 773 at 5. Furthermore, both Defendant and his parents appear to have treated IAMS and Atlantic Health Care PLLC somewhat interchangeably. For instance, notwithstanding that the funds for the cashier's check apparently came from accounts in the names of both Atlantic Health Care PLLC and IAMS, Defendant's parents *only* listed IAMS on the cashier's check, thus representing to the Court that

all funds came from IAMS alone. *See* ECF No. 815-1 at 1. In addition, in his *pro se* Request for Return of Cash Bail by IAMS—which was neither notarized, nor sworn to and subscribed before the Deputy Clerk under penalty of perjury—Defendant requested the return of $100,000.00 only on behalf of IAMS, arguing that "[t]he funds were deposited by IAMS from its own corporate accounts." ECF No. 700 at 1. And Defendant once again only mentions IAMS in his latest Response. *See* ECF No. 822 at 1.

After considering the Government's submissions, and in light of evidence showing that Defendant intermingled funds within his various business and personal accounts, the Court finds that the Government has met its burden of proving by a preponderance of the evidence that the $100,000.00 of bail remitted by IAMS belongs to Defendant. Accordingly, the Court will grant the Government's Motion as to the remaining $100,000.00 of bail and allow the Government to apply this portion of bail towards the payment of Defendant's criminal monetary penalties as well.[3]

## III. CONCLUSION

For the foregoing reasons, the Court will grant the Government's Motion (ECF No. 686) as to the $100,000.00 of bail remitted by IAMS, which the Court previously deferred ruling on. The Clerk of Court shall continue to retain the entire $200,000.00 of cash bail posted on

[3] Defendant argues that the Court should stay the Government's request to apply cash bail towards the payment of his criminal monetary penalties while he pursues FOIA requests in separate matters. *See* ECF No. 822 at 1–2. But there is no indication that the records he seeks pursuant to FOIA have any relevance as to whether the cash bail belongs to Defendant. Moreover, as the Court previously explained in connection with the garnishment proceedings, Defendant's restitution is "due immediately," *see* ECF No. 696 at 9, and a stay of the Government's collection-related motions is not warranted while Defendant appeals his conviction. *See, e.g.*, ECF No. 730 at 3. Nevertheless, the Court has already ordered that the Clerk of Court retain the cash bail that was paid on behalf of Defendant in its official accounts pending further order from this Court, *see* ECF No. 733 ¶ 6, and will do so again here. There is thus no prejudice in denying a stay while Defendant pursues his direct appeal and related motions.

Defendant's behalf in its official accounts pending further order from this Court. An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**