**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 19-518-1** |
| | : | |
| **NEIL K. ANAND** | : | |

**MEMORANDUM**

**KENNEY, J.** **SEPTEMBER 28, 2026**

Before the Court is Defendant's *pro se* Second Motion for Disclosure of Grand Jury Transcripts Pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i) (the "Defendant's Motion") (ECF No. 819), the United States' Response to Defendant's *Pro Se* Motion for Disclosure of Grand Jury Transcripts (the "Response") (ECF No. 823), and Defendant's *pro se* Reply to the United States' Response to Defendant's Second Motion for Disclosure of Grand Jury Transcripts Pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i) (the "Reply") (ECF No. 828). For the reasons set forth below, the Court will **DENY** Defendant's Motion (ECF No. 819).

## I. BACKGROUND

Since the time that Defendant initiated his direct appeal of his conviction, he has filed several *pro se* motions for post-conviction discovery in a self-described attempt to secure additional documents and evidence in support of his pending appeal before the Third Circuit. *See United States v. Anand*, Nos. 25-2804 & 25-2902 (3d Cir.). This Motion represents Defendant's fourth iteration of these requests. The Court previously denied requests from Defendant for the production of (1) his court-appointed attorneys' "billing records, time sheets, vouchers, and expense documentation[,]" *see* ECF No. 778 at 1 n.1 (quoting ECF No. 769 at 1); (2) "all chain of custody documentation, certificates of authenticity, and complete audit logs for the DrChrono electronic health records" that were "introduced as evidence at trial[,]" *see* ECF No. 780 at 1; *see*

*also* ECF Nos. 782, 783; and (3) "certain materials related to the Government's medical expert witness at [Defendant's] trial[,]" *see* ECF No. 788 at 1 n.1 (citing ECF No. 785 at 2).

On August 17, 2026, Defendant filed the instant Motion under Federal Rule of Criminal Procedure 6(e)(3)(E)(i), seeking disclosure of "grand jury materials relating to Anthem Blue Cross Blue Shield and Independence Blue Cross as alleged victims of the conduct charged in Count Four, including any testimony, exhibits, and instructions presented to the grand jury concerning those entities and the identity of the payor for the claim underlying Count Four." ECF No. 819 at 17. On September 2, 2026, the United States filed a Response to Defendant's Motion. *See* ECF No. 823. Defendant subsequently filed a Reply on September 17, 2026. *See* ECF No. 828.

Defendant's Motion is fully briefed and before this Court.

## II. <u>DISCUSSION</u>

As the Court explained in its April 29, 2026 Memorandum, *see* ECF No. 782 at 2, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Defendant is once again requesting post-conviction discovery into evidence that pertains to his conviction, notwithstanding that nothing has changed from the time of Defendant's last discovery motion. The Court does not have jurisdiction to order the requested relief while Defendant's direct appeal remains pending.

*United States v. Flamer* is instructive on this point. No. 08-1421, 2009 WL 237084, at *2 (3d Cir. Feb. 3, 2009). In *Flamer*, the defendant filed a *pro se* motion for production of all Jencks Act material after the defendant had already been convicted and had filed a notice of appeal of his conviction. *See United States v. Flamer*, No. 07-cr-00117 (E.D. Pa.), ECF No. 56. The district

court denied that motion, finding that the "court does not have jurisdiction to consider [d]efendant's motion because [d]efendant has filed a notice of appeal to the United States Court of Appeals for the Third Circuit." *United States v. Flamer*, No. 07-cr-00117 (E.D. Pa.), ECF No. 57. On appeal, the Third Circuit held that the district court "correctly denied [defendant's] motion for Jencks Act and other discovery material." *Flamer*, 2009 WL 237084, at *2. Specifically, the Third Circuit noted that defendant had filed his discovery motion "after [he] filed his notice of appeal of his conviction and sentence, at which time the [d]istrict [c]ourt lost jurisdiction over matters pertaining to the conviction." *Id.* (citing *Griggs*, 459 U.S. at 58); *cf. United States v. Georgiou*, 777 F.3d 125, 145 (3d Cir. 2015) (affirming the district court's denial of a defendant's motion to unseal, which was filed after a notice of appeal, and noting that "the [d]istrict [c]ourt lacked jurisdiction at the time [a]ppellant filed his motion to unseal").

Here, the same result is warranted. Defendant filed a notice of appeal of his conviction in the fall of 2025 and that appeal is currently being briefed. *See* ECF Nos. 697, 705; *see also United States v. Anand*, Nos. 25-2804 & 25-2902 (3d Cir.). Defendant filed his latest post-conviction discovery request on August 17, 2026, which seeks documents and records that pertain to the basis for his conviction. *See* ECF No. 819 at 17.[1] Accordingly, this Court will follow the *Flamer* Court's guidance and deny Defendant's post-conviction discovery motion for lack of jurisdiction

---

[1] In his Reply, Defendant argues that the "grand jury records that predate the judgment" are "not 'an aspect of the case involved in the appeal.'" ECF No. 828 at 1. Defendant's argument on this point is hard to follow. The basis of his Motion for disclosure of grand jury materials is that the grand jury was purportedly provided with different evidentiary information than was introduced at his trial: he seeks to discover "whether the grand jury was ever told that Anthem, rather than FedEx, the entity the government's own claims data identifies as the actual payor of record, was the victim of the offense charged in Count Four." *Id.* He is thus attempting to gather and use information about the record before the grand jury in support of his arguments that his conviction should be overturned on direct appeal. Accordingly, he is "seek[ing] discovery regarding precisely 'those aspects of the case involved in the appeal.'" *Wells v. Varner*, No. 03-cv-727, 2006 WL 3742743, at *2 (E.D. Pa. Dec. 15, 2006) (quoting *Griggs*, 459 U.S. at 58).

pending the outcome of his direct appeal. *See* 2009 WL 237084, at *2; *see also United States v. Johnson*, No. 15-cr-20577, 2021 WL 1573778, at *2 (E.D. Mich. Apr. 22, 2021) (denying a "motion to compel the production of grand jury material" for lack of jurisdiction after the defendant had already filed a notice of appeal of the district court's denial of his § 2255 habeas petition); *United States v. Chan*, No. 16-cr-10268, 2020 WL 9256603, at *2 (D. Mass. Nov. 25, 2020) (denying for lack of jurisdiction defendants' motion for discovery of grand jury evidence while defendants' case was on appeal and where "[d]efendants offered no explanation as to how the discovery would aid the district court, [] no issues remained before the court at the time the motion was filed that related to this discovery[, and] [d]efendants also offered no authority for the district court to order post-trial discovery to aid the Court of Appeals"); *United States v. Roemmele*, No. 04-60206-CR, 2015 WL 13158018, at *1 (S.D. Fla. Mar. 17, 2015) ("Since the [d]efendant's pending appeal has now been resolved, and the Eleventh Circuit issued its [m]andate on March 12, 2015, this [c]ourt has jurisdiction to determine the merits of [defendant's] motion for production of grand jury transcripts."); *Wells*, 2006 WL 3742743, at *1–2 (denying a *pro se* petitioner's "Motion for Production of Grand Jury Documents for lack of jurisdiction" where the petitioner had filed a notice of appeal of the district court's dismissal of his § 2254 habeas petition, which was "still pending before the Third Circuit"); *cf. United States v. Cammarata*, No. 22-cr-00639, 2024 WL 3824024, at *2 (D.N.J. Aug. 15, 2024) (denying a defendant's renewed motion for acquittal for lack of jurisdiction where it was filed after a notice of appeal, and explaining that "[t]he [c]ourt lost jurisdiction over matters pertaining to [d]efendant's conviction once this appeal was filed"), *aff'd*, No. 24-1983, 2026 WL 936127 (3d Cir. Apr. 7, 2026); *United States v. Georgiou*, No. 09-cr-00088 (E.D. Pa.), ECF No. 276 at 1–2 (denying a motion to unseal for lack of jurisdiction where the motion was filed after defendant had already filed a notice of appeal).

The Court briefly touches upon Defendant's arguments regarding jurisdiction. First, Defendant's attempt to distinguish *Flamer* as involving "a general post-trial discovery motion filed after a notice of appeal, not a request for grand jury materials under Rule 6(e)[,]" is not persuasive. ECF No. 828 at 2. While *Flamer* did not specifically involve a request under Rule 6(e), it reinforced *Griggs*' divestiture rule, and its jurisdictional principles are applicable to Defendant's post-conviction discovery Motion. *See* 2009 WL 237084, at *2. Moreover, one of the *pro se* discovery motions at issue in *Flamer* was a request for Jencks Act material, *see id.*, which is generally understood to encompass "grand jury materials for any grand jury witness who will testify at trial during the Government's case-in-chief." *United States v. Perez Lopez*, No. 20-cr-218, 2026 WL 2093743, at *2 (W.D. Pa. July 21, 2026); *see also* 18 U.S.C. § 3500. Accordingly, the *Flamer* Court affirmed the district court's denial of disclosure of materials that may have pertained to the grand jury. *See* 2009 WL 237084, at *2.

Second, Defendant conjures up a parade of horribles. He argues that if the Court accepts the Government's argument that *Griggs* deprives this Court of jurisdiction to grant the release of grand jury materials under Rule 6(e)(3)(E)(i) while his direct appeal is pending, then it has the effect of consistently barring all defendants from ever seeking grand jury records for use in a pending direct appeal, notwithstanding Rule 6(e)(3)(E)(i)'s plain language that courts are allowed to authorize disclosure of grand jury materials "in connection with a judicial proceeding." ECF No. 828 at 1–2 (quoting Fed. R. Crim. P. 6(e)(3)(E)(i)).[2] The Court does not decide for the purposes of this Motion whether defendants are always barred from seeking grand jury materials

---

[2] Defendant contends that his direct appeal qualifies as a "judicial proceeding." ECF No. 828 at 1. The Court need not decide at this time whether Defendant's direct appeal constitutes a "judicial proceeding" within the meaning of Rule 6(e)(3)(E)(i).

for a pending direct appeal. However, assuming *arguendo* that Defendant is correct, that result is not necessarily as intolerable as Defendant makes it out to be for a few reasons.

To start, as discussed above, when a defendant files a notice of appeal, it "is an event of jurisdictional significance" that has consequences on the litigation pending before the district court. *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985) (citations omitted). A notice of appeal "immediately confer[s] jurisdiction on a Court of Appeals and divest[s] a district court of its control over those aspects of the case involved in the appeal." *Id.* (citations omitted). "'Divest' means what it says—the power to act, in all but a limited number of circumstances, has been taken away and placed elsewhere." *Id.* at 120–21. Accordingly, since Defendant has filed a notice of appeal of his conviction, this Court's jurisdiction is circumscribed until Defendant's direct appeal is resolved and a mandate issues. *See Finberg v. Sullivan*, 658 F.2d 93, 99 (3d Cir. 1980) ("[A]n appellate court's decision is not final until it issues its mandate[.]"). This divestiture rule serves the important "purpose of preventing the confusion and inefficiency which would of necessity result were two courts to be considering the same issue or issues simultaneously." *Venen*, 758 F.2d at 121; *see also Griggs*, 459 U.S. at 58 (explaining that it is "generally understood that a federal district court and a federal court of appeals should *not* attempt to assert jurisdiction over a case simultaneously" (emphasis added)). While Defendant filed his Motion in the appropriate Court, this Court lacks jurisdiction to disclose those materials at this time. *See Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 225 (1979) ("[T]hose who seek grand jury transcripts have little choice other than to file a request with the court that supervised the grand jury, as it is the only court with control over the transcripts.").[3]

[3] Indeed, the Government's Response only serves to emphasize why this Court lacks jurisdiction while Defendant's direct appeal is pending. In connection with analyzing whether Defendant has satisfied the relevant standards for disclosure of grand jury materials, the Government makes

Furthermore, it is well-settled that "[t]here is no general constitutional right to discovery in a criminal case[.]" *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *see also United States v. Astacio-Espino*, No. 12-cr-200, 2017 WL 11527889, at *2 (D.P.R. Feb. 13, 2017) (explaining that "the Federal Rules of Criminal Procedure do not provide defendants with a right to post-conviction discovery" (collecting cases)). And, in any event, Defendant ignores that Rule 6(e)(3)(E) is permissive. *See* Fed. R. Crim. P. 6(e)(3)(E) ("The court *may* authorize disclosure . . ." (emphasis added)).[4] Defendant is not entitled to grand jury records as a matter of course and must satisfy a high bar before a district court will consider exercising its discretion to disclose those materials. *See Norian Corp.*, 709 F. App'x at 142 (describing the standards for disclosure of grand jury materials).

Finally, Defendant failed to identify any cases in which a district court allowed the disclosure of grand jury materials while a defendant's direct appeal of a criminal conviction was pending. Rather, the Court notes that its review revealed that such motions generally arise in the post-conviction context in connection with § 2254 and § 2255 habeas petitions—i.e., after a defendant's direct appeal has been completed and collateral proceedings are being contemplated or have been initiated—which is telling in and of itself. *See, e.g.*, *Newton v. United States*, 733 F. App'x 196, 196–97 (5th Cir. 2018) (per curiam) (affirming denial of a motion to unseal grand jury

---

several arguments regarding whether Defendant has sufficiently identified a variance between his Superseding Indictment and the evidence presented at his trial that warrants overturning his conviction. *See* ECF No. 823 at 4–7. Accordingly, even grappling with whether Defendant has demonstrated a "particularized need" for grand jury records risks the Court encroaching upon issues that are directly before the Third Circuit and that pertain to his conviction. *United States v. Norian Corp.*, 709 F. App'x 138, 142 (3d Cir. 2017) (quoting *United States v. McDowell*, 888 F.2d 285, 289 (3d Cir. 1989)).

[4] Even if the Court were to consider ordering the disclosure of certain grand jury records, there are specific requirements as to what documents the record on appeal may consist of that Defendant does not contend with in his Motion. *See, e.g.*, Fed. R. App. P. 10.

transcripts where the motion was filed after defendant had "already pursued a direct appeal and a 28 U.S.C. § 2255 motion"); *United States v. Davis*, 721 F. App'x 856, 858 (11th Cir. 2018) (per curiam) (affirming denial of a motion to unseal grand jury materials "to help [defendant] prepare a motion to vacate his sentence under 28 U.S.C. § 2255"); *United States v. Ewart*, 259 F. App'x 235, 237 (11th Cir. 2007) (per curiam) ("[W]hen he filed his motion for disclosure, [defendant's] criminal case had concluded and no other judicial proceedings were pending."); *United States v. Williams*, 180 F. App'x 108, 108–09 (11th Cir. 2006) (per curiam) (affirming denial of a motion seeking grand jury transcripts for use in preparing a successive § 2255 habeas petition); *United States v. Wong*, 78 F.3d 73, 82 (2d Cir. 1996) (noting that defendant "filed his motion for disclosure [of grand jury materials] in a post-appeal, collateral proceeding under Rule 6(e)(3)(C)(i) as a preliminary step to bringing a judicial proceeding under 28 U.S.C. § 2255 challenging his conviction").

Accordingly, the Court will deny Defendant's Motion (ECF No. 819) for lack of jurisdiction.

## III. CONCLUSION

For the foregoing reasons, the Court will deny Defendant's Motion (ECF No. 819). An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**