IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 19-518-1** |
| | : | |
| **NEVIL K. ANAND** | : | |

**MEMORANDUM**

**KENNEY, J.** **OCTOBER 23, 2026**

Before the Court is Defendant's *pro se* Motion to Compel Complete Disclosure of the Government's Use of Algorithmic and Statistical Analytics in the Investigation and Prosecution of Criminal Defendant Dr. Neil K. Anand (the "Motion") (ECF No. 849). For the reasons set forth below, the Court will **DENY** Defendant's Motion (ECF No. 849).

## I. DISCUSSION

Since the time that Defendant initiated his direct appeal of his conviction, he has filed several *pro se* motions for post-conviction discovery in a self-described attempt to secure additional documents and evidence in support of his pending appeal before the Third Circuit. *See United States v. Anand*, Nos. 25-2804 & 25-2902 (3d Cir.). He also seeks to compel the Government to produce documents from this criminal case for use in an appeal from a civil case that is pending before the D.C. Circuit. *See* ECF No. 849 at 1–2. This Motion represents Defendant's sixth iteration of these requests. The Court previously denied requests from Defendant for the production of (1) his court-appointed attorneys' "billing records, time sheets, vouchers, and expense documentation[,]" *see* ECF No. 778 at 1 n.1 (quoting ECF No. 769 at 1); (2) "all chain of custody documentation, certificates of authenticity, and complete audit logs for the DrChrono electronic health records" that were "introduced as evidence at trial[,]" *see* ECF No. 780 at 1; *see also* ECF Nos. 782, 783; (3) "certain materials related to the Government's medical

expert witness at [Defendant's] trial[,]" *see* ECF No. 788 at 1 n.1 (citing ECF No. 785 at 2); (4) certain grand jury materials, *see* ECF No. 831 at 1; and (5) "certain algorithmic and statistical information, in addition to information regarding the Government's investigative methods." *See* ECF No. 833 at 1 (citing ECF No. 824 at 1, 4). Defendant again seeks the production of various materials related to a Palantir algorithm and also seeks the Government's "internal case-opening or referral memoranda" and "analytic work product[,]" among other documents. *See* ECF No. 849 at 21–22.

Nothing has changed since Defendant's last request for post-conviction discovery. The Court will once again deny Defendant's Motion for lack of jurisdiction. As the Court has emphasized repeatedly, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). The post-conviction discovery that Defendant seeks in his latest Motion pertains directly to his conviction. The Court does not have jurisdiction to order Defendant's requested relief while his direct appeal remains pending. *See United States v. Georgiou*, 777 F.3d 125, 145 (3d Cir. 2015) (affirming the district court's denial of a defendant's motion to unseal, which was filed after a notice of appeal, and noting that "the [d]istrict [c]ourt lacked jurisdiction at the time [a]ppellant filed his motion to unseal"); *United States v. Flamer*, No. 08-1421, 2009 WL 237084, at *2 (3d Cir. Feb. 3, 2009) (finding that the district court "correctly denied [defendant's] motion for Jencks Act and other discovery material" where the motion was filed "after [defendant had] filed his notice of appeal of his conviction and sentence, at which time the [d]istrict [c]ourt lost jurisdiction over matters pertaining to the conviction" (citing *Griggs*, 459 U.S. at 58)); *see also* ECF No. 831 at 3–4 (collecting cases).

Moreover, the Court once again rejects Defendant's latest request for post-conviction discovery pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and Federal Rule of Criminal Procedure 16, *see* ECF No. 849 at 20, for similar reasons as were previously articulated in its April 29, 2026 Memorandum, which the Court incorporates herein. *See* ECF No. 782 at 2–4; *see also Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to discovery in a criminal case[.]"); *United States v. Randolph*, 456 F.2d 132, 136 (3d Cir. 1972) ("Rule 16 does not require the prosecution to disclose 'all the minutia of its evidence, to reveal its trial strategy, and to delineate with total specificity the case it intends to present.'" (quoting *United States v. Fioravanti*, 412 F.2d 407, 411 (3d Cir. 1969))).

## II. CONCLUSION

For the foregoing reasons, the Court will deny Defendant's Motion (ECF No. 849). An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**