**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 19-518-1** |
| | : | |
| **NEIL K. ANAND** | : | |

**MEMORANDUM**

**KENNEY, J.** **NOVEMBER 23, 2026**

Before the Court is Defendant's *pro se* Motion for an Indicative Ruling Under Fed. R. Crim. P. 37 on His Renewed Motion for an Evidentiary Hearing and Disclosure Concerning Government Exhibit 856 (the "Motion"). *See* ECF No. 852. For the reasons set forth below, the Court will **DENY** Defendant's Motion (ECF No. 852).

## I. DISCUSSION

In his latest Motion, Defendant claims that the Government used an exhibit during his jury trial, Government Exhibit 856 ("GX 856"), that was privileged. ECF No. 852 at 1. Defendant requests that the Court hold an evidentiary hearing to determine what the Government knew about GX 856. *Id.* at 1, 4. He also seeks two different categories of discovery, including "the filter team's protocol and its correspondence with the prosecution team concerning the DrChrono records, and all chain-of-custody documentation for GX 856 and for the records obtained under the August 20, 2019 DrChrono warrant." *Id.* at 5. According to Defendant, if he was convicted based on an improperly admitted privileged document, the remedy is a new trial. *Id.* (citing *United States v. Morrison*, 449 U.S. 361, 365 (1981)).

In its Response to Defendant's Motion, the Government contends that the Court does not have jurisdiction to address Defendant's requests for an evidentiary hearing and discovery, and should not reach the merits of his Motion. *See* ECF No. 855 at 2–3. In any event, the Government

argues that Defendant has not demonstrated that GX 856 is a privileged document. *Id.* at 3 n.1. Furthermore, even if GX 856 were privileged, the Government contends that Defendant waived privilege over the document by failing to promptly assert it. *Id.* at 3–6. The Government notes that, prior to Defendant's November 9, 2026 Motion, the "defense had never claimed privilege over G[X] 856[,]" even though it was produced to the defense in or around January 25, 2022. *Id.* at 3 n.1, 6. Moreover, GX 856 was admitted at trial "without objection" from the defense. *Id.* Accordingly, the Government argues that Defendant's Motion should be denied in full. *Id.* at 6.

The Court turns to Defendant's Motion. Notwithstanding that Defendant's direct appeal of his conviction and sentence remains pending, *see United States v. Anand*, Nos. 25-2804 & 25-2902 (3d Cir.), over the past few months, Defendant has filed an endless stream of frivolous requests for discovery, which the Court has repeatedly denied. *See, e.g.*, ECF Nos. 778, 782–83, 788, 831–34, 850–51. This is the seventh iteration of these requests in his criminal case. *See* ECF No. 850 at 1–2 (listing Defendant's other rejected requests for discovery). The Court will once again deny Defendant's Motion. As the Court has explained *ad nauseam*, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). The post-conviction evidentiary hearing and discovery that Defendant seeks in his latest Motion pertain directly to his conviction. The Court does not have jurisdiction to order the relief that Defendant requests while his direct appeal remains pending. *See United States v. Georgiou*, 777 F.3d 125, 145 (3d Cir. 2015) (affirming the district court's denial of a defendant's motion to unseal, which was filed after a notice of appeal, and noting that "the [d]istrict [c]ourt lacked jurisdiction at the time [a]ppellant filed his motion to unseal"); *United States v. Flamer*, No. 08-1421, 2009 WL 237084, at *2 (3d

Cir. Feb. 3, 2009) (finding that the district court "correctly denied [defendant's] motion for Jencks Act and other discovery material" where the motion was filed "after [defendant had] filed his notice of appeal of his conviction and sentence, at which time the [d]istrict [c]ourt lost jurisdiction over matters pertaining to the conviction" (citing *Griggs*, 459 U.S. at 58)); ECF No. 831 at 3–4 (collecting cases); *see also Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to discovery in a criminal case[.]").

Furthermore, in light of Defendant's ongoing direct appeal, the Court declines at this time to reach the merits of the parties' arguments regarding whether GX 856 is privileged, whether Defendant has waived privilege over that document, and whether GX 856 was properly admitted at trial.

## II. CONCLUSION

For the foregoing reasons, the Court will deny Defendant's Motion (ECF No. 852). An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**